CHESTER J. KNOX AND ANOTHER: APPEAL FROM PROBATE.

The burden of showing a testator to have been of sound mind at the time of making his will, rests on the party proving the will.

THIS was an appeal to the superior court from a decree of the probate court of the district of Manchester, approving a codicil to the will of Zebulon Bidwell. The appellants

assigned as the reason of appeal, that the testator at the time of making the codicil was not of sound mind. On the trial to the jury, (Hartford county, December term, 1856,) the appellees requested the court to charge the jury, that when the appellees had proved the codicil to have been executed and published according to the provisions of the statute, the law would presume that the testator had at the time the requisite testamentary capacity, and that the burden of proof to overcome this presumption rested upon the appellants. But the court instructed them that the law did not presume such capacity, and that it was necessary for the appellees to prove it by evidence. The jury having found that the testator was not of sound mind, the appellees moved for a new trial for error in the charge of the court.

*Welles* and *Chapman* in support of the motion.

Upon proof of the execution and publication of a will pursuant to the provisions of the statute, the law presumes capacity in the testator, and the appellees are not bound to give other evidence thereof unless the presumption is overcome by proof. 2 Phil. Ev., (C. & H. ed.,) 293, note 263. 3 Stark. Ev., 1702. 1 Jarman on Wills, 74. 2 Green. Ev., sec. 689, 1 id., sec. 48. *Harrison* v. *Rowan*, 3 Wash. C. C., 580. *Stevens* v. *Vancleve*, 4 id., 269. *Hodge* v. *Fisher*, 1 Peters, C. C., 163. *Sloan* v. *Maxwell*, 2 Green's Ch. R., 563, 580. *Jackson* v. *Van Deusen*, 5 Johns., 144.

*Hungerford* and *W. D. Shipman*, contra.

The burden of proof rests on the party propounding a will, both in the court of probate, and in the appellate court. This proof must extend to the testamentary capacity of the testator, as well as to the mere formal execution of the will. The charge of the court below in this case was in conformity with the authorities, and was right on principle. *Comstock* v. *Hadlyme*, 8 Conn., 254. *Phelps* v. *Hartwell*, 1 Mass., 71. *Buckminster* v. *Perry*, 4 id., 593. *Brooks* v. *Barrett*, 7 Pick., 94. *Gerrish* v. *Nason*, 22 Maine, 438. *Cilley* v. *Cilley*, 34 id., 162. *Barry* v. *Butlin*, 1 Curteis, 637. *Harris* v. *Ingle-*

*dew*, 3 P. Wms., 93.　*Wallis* v. *Hodgson*, 2 Atk., 56.　*Shelford on Lunacy*, 283, 4.

HINMAN, J.　The question in this case was as to the capacity of a testator at the time of making a codicil to his will.　The superior court decided that the appellees, who were the parties claiming under it, were bound to go further in their proof, than merely to prove the execution of the codicil; and that, without some evidence of capacity, the law did not presume it, as in the ordinary case of a party who executes a deed, or other contract.

This decision was in conformity to the uniform practice in this state, where the question has arisen in cases regarding the validity of wills.　Upon this ground the court held, in the case of *Comstock* v. *Hadlyme*, 8 Conn., 254, that the party claiming under a will, takes upon himself the burden of proof, and may therefore open and close the argument; and the court say, that he must not only prove that the will was formally executed, but that the testator was of sound and disposing mind.　This decision is in conformity to cases in Massachusetts and Maine, where it is not only held that the parties claiming under a will go forward, but that they are bound to give evidence of capacity.　In *Brooks* v. *Barret*, 7 Pick., 94, it is held, that where a will is opposed on the ground of the testator's insanity when it was executed, those who insist on its probate, have the burden of proof in the first instance, and after they have proved the sanity of the testator, by the subscribing witnesses, the burden will be shifted on the other party to prove insanity.　See also *Cilley* v. *Cilley*, 34 Maine, 162.　*Gerrish* v. *Nason*, 22 id., 435.

It is undoubtedly true that there are conflicting decisions on this point; and it may be said that our practice is in conflict with the principle that a party is presumed to be capable of performing any legal act.　But the making of a will is of so much importance, and is so often, not to say so generally, done under circumstances of great bodily debility, likely to produce more or less mental derangement, that the statute has very properly required three witnesses to the making of

a valid will; and these witnesses, it is said, are thrown around a testator to prevent any imposition from being prac-ticed upon him. Whether the statute of wills is an enabling act, under which a party must show that all its requirements have been complied with, in order to establish a claim under it, as claimed by the appellant's counsel, we do not deem of very great importance. It is true that its phraseology is such as seems to countenance this idea. It provides that all per-sons of sound minds may make wills. But this language, in connection with the important character of the act itself, and the solemnity required in the execution of a will, is sufficient to account for the practice of requiring proof of capacity, without reference to the question whether the statute is, or not, an enabling act; and considering the circumstances under which most wills are made, and the importunity likely to be practiced upon persons in their last moments, we think there is reason enough for the practice, without resorting to any argument derived from this consideration, whether it be well founded or otherwise. We do not therefore advise a new trial.

In this opinion the other judges concurred.

New trial not advised.