JOHN E. SAUNDERS'S APPEAL FROM PROBATE.

New London Co., May T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

On an appeal from a decree of probate approving a will, on the ground that the will had been obtained by undue influence, the appellant offered in evidence the declaration of C, one of the legatees, that he and F, (another legatee) "had got the will fixed as they wanted it." C and F afterwards testified, for the appellees, that they had used no undue influence. Held that C's declaration was admissible for two purposes :—as an admission of a fact in issue, by a party to the con-troversy, to affect him ; and to affect his credibility as a witness.

And it did not affect the case that it was admitted before he had testified, as the order of testimony was a matter for the discretion of the court, and the same use could be made of the declaration after he had testified as if it had then been first introduced.

F, the other legatee, also testified that there had been no undue influence used. Held that C's declaration could not in any way affect her or her testimony.

The existence of undue influence may be inferred from the facts and circumstances of the case, even if there be no direct and positive evidence of it. But the facts and circumstances ought to be such as to lead justly and reasonably to such a conclusion.

[Argued May 25th—decided June 18th, 1886.]

APPEAL from a probate decree approving the will of Roxanna Saunders, deceased ; taken to the Superior Court in New London County, and tried to the jury before *Torrance, J.*

The reason of appeal assigned was that the testatrix, at the time of the execution of the will, was very infirm, and with her mind diseased and weakened, and that while in this condition she was prevailed on to make the will, to the great injury of the appellant, by the importunities and false

representations of Clark R. Cook and Fanny Cook, two of the legatees under the will. Fanny Cook was the sister and Clark R. Cook the nephew of the testatrix. John E. Saunders, the appellant, was her only child. He received by the will only some pictures and a desk. The other legacies were $500 each to two churches; $500 each to Clark R. Cook, Levi Saunders and Emily C. Palmer; the household effects of all kinds except wearing apparel, certain pictures and a desk, to Fanny Cook; her wearing apparel to three women named; and the residue in trust to Emma J. Saunders, daughter of the appellant, for her life.

Upon the trial, in support of the claim of undue influence, and in connection with other proof, the appellant introduced, without objection, various witnesses, who testified to the declarations made by Clark R. Cook soon after the date of the instrument, stating " that he and Aunt Fanny had got the will fixed as they wanted it; that John had got enough already; that they had got it fixed now with a man put in as executor who was not afraid of John Saunders." Fanny Cook and Clark R. Cook were subsequently called by the appellees as witnesses, to testify that they never exercised any influence over the testatrix relative to the matters in controversy.

On the argument of the cause the counsel for the appellees claimed, and requested the court to instruct the jury, that the evidence of the declarations made by Clark R. Cook was not admissible for any purpose. The court did not charge as requested, but on this part of the case charged as follows :—

[The charge on this point is given in full in the opinion of the court, and is therefore omitted here.]

The appellant, admitting that upon the question of undue influence the burden of proof was upon him, claimed that, inasmuch as fraud and undue influence are not ordinarily susceptible of direct and positive proof, it was not incumbent upon him to prove the exercise of such influence by direct and positive evidence, but that the jury might infer it from facts and circumstances, proved or admitted,

attending the transaction; and that if the jury were satisfied from such proof that undue influence was in fact exercised, it was sufficient.

Upon this part of the case the court charged the jury as follows :—" The existence and exercise of such an undue influence is not often susceptible of direct and positive proof. It is shown by all the facts and circumstances surrounding the testatrix, the family relations, the will, her condition of mind and of body as affecting her mind, her condition of health, her dependence upon and subjection to the control of the person influencing, and the opportunity of such person to wield such an influence. Such an undue influence may be inferred as a fact from all the facts and circumstances aforesaid, and others of like nature that are in evidence in the case, even if there be no direct and positive evidence of the existence and exercise of such an influence. But the facts and circumstances ought to be such as to lead justly and reasonably to such an inference, and such inference is not to be drawn unfairly or unreasonably."

The jury returned a verdict setting aside the will, and the appellees appealed to this court, on the ground of error in the rulings and charge of the court.

*D. G. Perkins*, with whom was *L. Brown*, for the appellants (originally appellees).

1. The court erred in not making it clear to the jury that the declarations of Clark Cook could not have any effect upon the testimony or the rights of Fanny Cook. As admissions he had no right to make them except to affect himself. Treated as a contradiction of his own testimony they could not be taken as a contradiction of her testimony. But the court told the jury that they were admissible "to contradict the *witnesses* who were charged with having used undue influence." These witnesses were Clark and Fanny Cook. But the evidence was not introduced for the purpose of contradicting them. They had not then testified. It was offered as substantive evidence, as a part of the appellants' proof of a matter, the affirmative of which rested

on him. If after Clark Cook had testified it had been offered as an impeachment of his testimony, we admit that it would have been admissible for that purpose. *Hedge* v. *Clapp*, 22 Conn., 266. The jury would then have understood it. As it is, and especially under the charge of the court, they must have been misled.

2. The declarations of Clark Cook were not an admission that could affect any other party to the case. The admissions of one of several parties to the record are not admissible to affect the interests of others who happen to be joined with him, unless there is some joint interest or privity in design between them. 1 Greenl. Ev., § 174. A mere community of interest is not sufficient. " Devisees and legatees have not that joint interest in the will which will render the admissions of one, though he be a party appellee from the decree of the probate court allowing the will, admissible against the other legatees." *Phelps* v. *Hartwell*, 1 Mass., 72; *Shailer* v. *Bumstead*, 99 id., 127. If the issue had been made that the legacy to Clark Cook was alone the result of undue influence, and not the entire will, then the admissions might have been evidence against him alone, but the court should have so explained them to the jury and limited their effect. Then that legacy might have been declared void and the will itself sustained in the interest of innocent legatees. *Harrison's Appeal from Probate*, 48 Conn., 203.

3. The court erred in instructing the jury that they might infer undue influence from the facts and circumstances of the case. The burden of proof was on the appellant to show (1) undue influence, and (2) that it was effectual. The jury must have understood that the court regarded the facts and circumstances of the case as establishing these two points. The court mentioned the will itself as one of the circumstances from which the inference of undue influence might be drawn. The court undoubtedly referred to the fact that nothing is left to the son, as leading to the presumption that such a result must have been accomplished by undue influence. But the court, in thus charging the jury, gives no benefit to the appellee of

the admitted fact that but a year before the son had in-
herited four fifths of a large estate from his father.   But
even though the provisions of a will show a capricious par-
tiality and there appears to have been an opportunity for
the person benefited to wield undue influence, still such
facts will not warrant the inference not only that an influ-
ence was exercised but that it was effectual to overcome
free agency.   *McKeone* v. *Barnes*, 108 Mass., 346.   But if it
be contended that the charge meant simply that the fact of
undue influence might be proved by circumstantial evi-
dence, then we say that the language does not clearly
convey that meaning, but was confusing and misled the
jury.   Where the jury are asked to presume one fact as a
conclusion from many other facts, the court should caution
the jury and explain to them that the facts proved must
lead clearly and conclusively to the fact to be inferred.
And the facts and circumstances from which such inference
is to be drawn must not only be consistent with the hypo-
thesis that the will was obtained through undue influence,
but they must be inconsistent with and exclude the hypo-
thesis that it was not so obtained.   1 Wms. Exrs., 72;
*Boyse* v. *Hillsborough*, 6 H. L., 52.

*A. Brandegee* and *S. Lucas*, for the appellee (originally
appellant).

LOOMIS, J.   The object of this appeal was to set aside
the decree of the probate court approving the will of Rox-
anna Saunders, deceased, upon the ground of undue influ-
ence on the part of Clark Cook and Fanny Cook, two of
the legatees named in the will.

Upon the trial the appellant in his testimony in chief, with-
out specifying his object, and without any objection, offered
in evidence the declarations of said Clark Cook, made soon
after the date of the will; to the effect " that he and Aunt
Fanny had got the will fixed as they wanted it;  that John
had got enough already;  that they had got it fixed now
with a man put in as executor who was not afraid of John

Saunders." The appellant was the person referred to as "John" and as "John Saunders."

Afterwards the appellees introduced said Clark Cook and Fanny Cook as witnesses, who testified that they never exercised any influence over the testatrix, relative to the matters in controversy.

Upon the final argument of the cause the counsel for the appellees claimed, and requested the court to instruct the jury, that the evidence of the declarations made by Clark Cook was not admissible for any purpose. The court charged the jury as follows:—"Now a word as to the admissions of Mr. Cook, that were put in evidence, and about which comment has been made. This evidence was admitted without objection. It was, as I understood and supposed at the time, offered for the purpose of contradicting the party who had been a witness, testifying that there was not any undue influence. It was offered for the purpose of affecting his testimony, and for that purpose I charge you it was admissible. The point made, as I understand it, is this: If offered for the purpose of showing or proving as evidence that undue influence was in fact used, it is claimed to be inadmissible as against other parties, legatees and beneficiaries under the will, as an admission made by a party who had no right to make an admission for them— whose admission is not evidence against them. And I understand that the admission of a third party, a stranger, cannot affect the rights of another party, and for the purpose of affecting the rights of the other beneficiaries under the will this testimony is not admissible. But I do not understand, as I said before, that it was offered for that purpose, and I charge you that it is evidence for the purpose for which it was offered, and, so far as I know, the only purpose for which it was offered, namely, to contradict the witnesses who were charged with having used undue influence, and who said that no undue influence was used, by showing that they admitted, so far as that was an admission, that undue influence had been used, and for that purpose you may consider it as evidence in the case."

The question raised by the objection is, whether the evidence was admissible for any purpose; if so there was no error, unless the admission was accompanied with instructions which allowed the jury to make an illegitimate use of the evidence. The evidence was admissible for two purposes:—as an admission of a fact in issue by Clark Cook, a party to the controversy, to affect him; and also to affect his credibility as a witness, being a statement out of court inconsistent with his testimony in court. The court ruled that the evidence was admissible for the last named purpose only, and in so ruling erred in favor of the party now claiming to be aggrieved.

But it is now claimed that the evidence was not admissible for the purpose allowed by the court, because it was actually received (though without objection) before Clark Cook had testified. We think, however, that after the evidence was all in it was too late to object merely on account of the order of its admission. The order of proof had then become wholly immaterial. The foundation for the evidence had then been completely laid, and the only possible reason for its rejection no longer existed.

Suppose a case to depend on the question whether the act of one person is binding upon another who is represented to be the principal, and evidence as to the act of the agent is first received, either without objection or as a matter of discretion with the court, will not the subsequent proof of authority for the act on the part of the principal have precisely the same effect as it would have had if the order had been reversed? Or suppose the declarations in question had been first distinctly offered and received simply as an admission by a party of a relevant fact, could not the same evidence, after the party had testified and denied the fact, be used to discredit him as a witness? Or is the law so unreasonable as to require the useless repetition of the same testimony after the party shall have testified as a witness? The mere statement of such a proposition involves its own refutation, and we forbear further answer.

But the appellees further claim that the instructions as given might lead the jury to think that the declarations of Clark Cook could be used also to impair the credit of Fanny Cook, another witness. If we take the whole charge together, and consider it in reference to the claims of the parties as understood by the court at the time, we do not think it fairly admits of any such construction.

The language of the charge as first used can by no possibility be misunderstood. Referring in terms to the admissions of *Mr.* Cook, and no one else, the judge says:—" It was, as I understood and supposed at the time, offered for the purpose of contradicting *the party* who had been a witness, testifying that there was not any undue influence. It was offered for the purpose of affecting *his* testimony, and for *that purpose* I charge you it was admissible." The question is then referred to in a more general and abstract form as to the effect of an admission by one party on the rights of other parties, legatees and beneficiaries under the will, and again the rule is clearly stated that such an admission cannot affect the rights of another party—" and for the purpose of affecting the rights of the other beneficiaries under the will this testimony is not admissible." So far the meaning is very clear, that Fanny Cook cannot in any way be affected by the declarations of Clark Cook or any other party.

The only color given for the appellees' claim is in what follows, where the judge, having just stated the rule as to plural parties, unconsciously uses the plural when he attempts to repeat, as he says he does, his first proposition—that the evidence was offered " to contradict the witnesses who were charged with using undue influence," &c. If this language is broad enough to include Fanny Cook, the sentence which immediately follows, in connection with the conceded facts, shows that she cannot be so included, for such witnesses were to be contradicted " by showing that they admitted, so far as that was an admission, that undue influence had been used." Now there was no evidence, and no claim or pretense, that Fanny Cook admitted that she had used undue

influence, and therefore she ought not to be included even in the last statement, and as she had been twice clearly excluded we do not think the jury could have been misled by the merely obscure language of the closing part of the charge.

The other part of the charge complained of, stating in substance that the existence and exercise of the undue influence relied upon might be found as a fact from all the facts and circumstances, even if there was no direct and positive evidence, provided the facts and circumstances were such as to lead justly and reasonably to such an inference, was unexceptionable.

There was no error in the rulings complained of.

In this opinion the other judges concurred.