EDWARD A. SPENCER *vs.* NATHAN P. MERWIN.

Third Judicial District, Bridgeport, October Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In an action under General Statutes, § 4053, to quiet and settle the title to real estate, the complaint alleged not only an absolute ownership in fee by the plaintiff and adverse claims upon the part of the defendant, but also that an outstanding lease signed by the plaintiff as lessee and the defendant as lessor had been procured by the latter's fraud and undue influence, and prayed that it might be set aside and cancelled. *Held* that an adjudication as to the validity of the lease was merely incidental to that full and complete measure of equitable relief which the statute was designed to afford, and to which the plaintiff, having been found to be the owner in fee of the land, was entitled; and therefore that the complaint was not demurrable as uniting in one count two separate and distinct causes of action.

Spencer v. Merwin.

In such an action the pleadings should allege the facts in a plain, simple and direct manner, so as to clearly suggest the legal conclusion intended to be implied therefrom.

An allegation that a written instrument was obtained by undue influence of the defendant, if denied, is sufficient to admit evidence of its truth and to support a judgment of cancellation; especially if other facts are alleged in the complaint from which the exercise of such an influence may fairly be implied.

Adverse possession, as well as the existence of undue influence, are questions of fact for the determination of the trial court, whose conclusion will not be reviewed by this court on appeal unless it appears that it was influenced by an erroneous view of the law as applicable to the facts found, or that some one or more of the evidential facts found are legally, or logically and necessarily, inconsistent with such conclusion.

The fact that the occupant of a sandy strip of land recently formed by the sea, placed his shanty upon it so as not to obstruct the view of the owner of the adjoining upland, who was also in fact the owner of this sandy strip, and did this at the latter's request, undoubtedly tends to show a permissive holding or occupancy; such fact is, however, merely evidential, and is not necessarily and as matter of law decisive as to the character of the possession, nor is it legally inconsistent with a finding that ever since the shanty was built the occupancy had been exclusive, continuous, open and visible, and hostile to all the world.

Argued October 29th—decided December 17th, 1907.

SUIT to settle and determine the title to real estate and to obtain the annulment or cancellation of a lease, brought to the Superior Court in New Haven County where a demurrer to the complaint was overruled, *Case, J.,* and the cause was afterward tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The material facts appearing in the record and affecting the validity of the judgment appealed from, are as follows: The piece of land described in the complaint is in the town of Milford, is about 200 feet square, lies between an ancient highway known as the Gulf Road and Long Island Sound, and was mainly formed of sand and gravel washed up by the sea. Prior to 1889 the land was owned by the defendant and was of little or no value, but within the past few years has acquired a substantial value. In 1889

the plaintiff entered upon this piece of land and built thereon a small one-story house. At different times since, the plaintiff has built additions to his house and has lived there continuously to the present time. In July, 1905, and more than fifteen years after the plaintiff had entered upon the premises, the plaintiff signed a document which purports to be executed by the plaintiff and defendant, and contains a lease of the land described in the complaint from the defendant, as lessor, to the plaintiff, as lessee, for the term of the plaintiff's natural life, at a rental of $1, the lessor acknowledging the receipt of said rent. It also contains covenants by which the plaintiff acknowledges the right of the defendant to lease said premises and agrees to occupy the same as the tenant of the defendant, and agrees to various restrictions upon the use of the same under penalty of a forfeiture of the lease, and to deliver the premises to the plaintiff upon expiration of the lease for any cause.

The plaintiff paid nothing on account of this lease, and received nothing for it; he is an ignorant man, unable to read or write, and did not understand what he was doing in signing the document, or what it contained, or how his rights were affected thereby. The document was obtained by the undue influence of the defendant. Within two or three months after signing this document the plaintiff brought this action.

The complaint alleges in substance (1) that on July 1st, 1905, the plaintiff was the absolute owner in fee simple of the piece of land described; (2) that on July 15th, 1905, the plaintiff signed the so-called lease, a copy of which is annexed to the complaint, induced thereto through the undue influence of the defendant; (3) that the defendant claims certain estates or interest in said land adverse to the plaintiff; and the prayer for relief asks an adjudication of the several claims and a cancellation of said lease.

To this complaint the defendant demurred, because two separate and distinct causes of action, to wit, an action of tort and an action in equity to settle title, were joined in

the same count. The court (*Case, J.*) overruled the demurrer. The defendant then answered, denying the plaintiff's allegation of ownership, admitting the execution of the lease, but denying the allegation of undue influence, and averring that the defendant is now and since 1882 has been the owner in fee simple of the premises described, deriving title thereto as heir, devisee and distributee of his father, Mark Merwin, deceased; which averment the plaintiff in his reply denies. The court found these issues for the plaintiff, and rendered judgment that the title of the plaintiff in said premises is an absolute title in fee simple, that the defendant has no title to the same, and that the lease be rescinded and cancelled.

The defendant requested the court to make a finding necessary for a proper presentation of questions of law arising in the cause and decided by the court adversely to him, accompanying his request with a draft of the proposed finding. In pursuance of this request the court made a finding, stating a large number of subordinate and evidential facts which the court had found from the evidence, and stating the material facts found by the court as the basis of its judgment, as follows: (a) The plaintiff had title to said premises by adverse possession; (b) said lease was had by undue influence exercised by the agents of the defendant.

The reasons of appeal assert that the court erred in overruling the demurrer to the complaint; that it erred in rendering judgment upon the complaint, because there were no acts of the defendant or his agent set forth in the complaint that amounted to undue influence; and also that the court erred in finding the material facts upon which the judgment is based.

*William B. Stoddard* and *Robert C. Stoddard*, with whom was *Omar W. Platt*, for the appellant (defendant).

*George E. Beers* and *Harry W. Doolittle*, for the appellee (plaintiff).

HAMERSLEY, J.   A plaintiff may lawfully allege in his complaint, under § 4053 of the General Statutes, facts pertinent to the transaction out of which his claim for equitable relief may have arisen, and which support a claim for such incidental orders as may be proper to render the equitable relief sought full and complete.   This is, in substance, what the plaintiff has done in the complaint demurred to.   Section 4053 authorizes this special statutory remedy when legal injury results to the owner in possession of land from unlawful claims of an adverse estate or interest in that land; the statutory relief authorized is equitable, and consists in a judgment quieting and settling the title to the land in dispute, and necessarily includes such incidental relief as may be proper to make the main equitable relief granted full and complete.   *Foote* v. *Brown*, 78 Conn. 369, 377, 62 Atl. 667.

When this action was brought the defendant claimed an estate in the land in question adverse to that of the plaintiff, and claimed a valid lease clearly adverse to the plaintiff's title as absolute owner in possession; the plaintiff claimed to be absolute owner of the land, and that this lease was obtained from him through undue influence of the defendant.   A judgment that the title was in the plaintiff, without directly determining the validity of this lease, would not give to the plaintiff full and complete equitable relief.   The outstanding lease might still, to some extent at least, constitute an adverse claim involving an injury for which the statute furnishes a remedy.   The plaintiff was therefore entitled to allege in his complaint that this outstanding lease was claimed by the defendant to be valid, and was in fact obtained by undue influence, and to include in his prayer for relief a claim that said lease be cancelled. The manner in detail in which the plaintiff has substantially made such a statement of his claims may be open to criticism as an obscure rather than a plain, direct statement of facts so arranged that they clearly suggest the conclusion of law they are intended to imply.   Careful intelligence should be exercised in framing the pleadings in

this statutory remedy so as to accord with the principle of plain, direct and truthful statement which underlies the Practice Act, and with the analogies, so far as they exist, of an ordinary civil action. *Foote* v. *Brown*, 78 Conn. 369, 62 Atl. 667.

The judgment recites that the court finds "that the plaintiff at the time of signing said lease was an ignorant man, unable to read or write, unused to legal terms, and that he did not understand the nature of said instrument signed by him or know that the same purported to be a lease or affected any rights which he might have in the land hereinbefore described"; and further, "that the plaintiff was induced to sign said lease through the undue influence of the agents of the defendant, and that it was without consideration."

The defendant's claim, that the complaint does not warrant the judgment because there are no acts of the defendant set forth in the complaint that amount to undue influence, is not sound. The complaint alleges that the plaintiff was induced to and did sign the lease through the undue influence of the agents of the defendant. It is unnecessary, and indeed impracticable, to state in the pleading all the evidential facts that may support the allegation of undue influence. The existence and exercise of undue influence may be found as a fact from all the facts and circumstances, even if there is no direct and positive evidence, provided the facts and circumstances are such as to lead justly and reasonably to such an inference. *Saunders' Appeal*, 54 Conn. 108, 116, 6 Atl. 193. The complaint does allege facts which imply that an unconscionable contract had been obtained through the fraud, imposition and stratagem of the defendant, without consideration and without the conscious assent of the plaintiff, under circumstances suggesting the defendant's influence and ascendency over the plaintiff; and the further allegation that the undue exercise of this ascendency combined with the other conditions in producing the inequitable result, is sufficient to warrant the judgment of the court after the defendant had

waived any right to a more particular statement by directly denying the plaintiff's allegations, including that of undue influence. For the same reason the court did not err in admitting evidence of undue influence, against the objection of the defendant that the allegations of the complaint did not permit the reception of such evidence.

There are no other questions of law presented by this appeal. "Adverse possession is a question of fact, and when found by the trial court will not be reviewed by this court as a conclusion from evidential facts, unless it appears that these facts, or some of them, are legally or logically necessarily inconsistent with that conclusion." *Layton* v. *Bailey*, 77 Conn. 22, 28, 58 Atl. 355. No evidential facts of this character appear in the finding. The same is true as to the fact of undue influence found by the trial court. *Saunders' Appeal*, 54 Conn. 108, 6 Atl. 193. The record does not show any claim made by the defendant as to a question of law arising in the trial which was decided against him by the trial court, except those we have considered.

The reasons of appeal specify error in overruling several claims made by the defendant upon the trial; but the claims that were overruled were not claims of law; they were claims as to facts the court should find from the evidence. The defendant may have made upon the trial the claim of law that if the occupation of the land by the plaintiff was by the consent and with the permission of the defendant, the plaintiff became tenant at will, and that such an occupancy is not in law adverse. But the court did not overrule such a claim; it did not find as a fact the assumption on which the claim was made. The finding that after the plaintiff had entered upon the land, and just as he began to build his house, the defendant asked him to locate the building so that it would not obstruct the view of the water from the defendant's house, which was on the other side of Gulf Road and some 1,500 feet distant, and that the plaintiff said that he would and did so locate his house, is a finding of one of several evidential

facts, and is not a finding that the plaintiff entered upon the land in pursuance of defendant's permission, nor that his subsequent occupation of the land was in pursuance of such permission. On the contrary, the court finds that ever since the day his house was built the plaintiff's occupation of the land has been exclusive, continuous, open and visible, and hostile to all the world. This is the most plausible, if not the only claim of an erroneous adverse decision upon a question of law to be found in the so-called claims of law mentioned in the reasons of appeal.

It does not appear that in reaching the two conclusions of fact assigned as error in the conduct of the trial, the court was influenced by any erroneous view of the law applicable to the facts as found; and it does appear that the subordinate and evidential facts stated in the finding at the request of the defendant are not necessarily either legally or logically inconsistent with the two ultimate facts upon which the court based its judgment. Under these circumstances the conclusions of the trial court are conclusions of fact which this court cannot review, and which are improperly assigned as error.

The claims for correction of the finding are not justified by the record.

The case was tried in the Superior Court in connection with the following cases of Merwin v. Backer and Roberts v. Merwin et al., and the appeal record in each case is made up in view of its possible relation to the other cases; but we find it unnecessary in the decision of this case to consider any relation it may have to the others.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.