MAUDE WHEELER ET AL. *vs.* ADRIAN ROCKETT, EXECU-
TOR, ET AL. (MAUDE WHEELER ET AL. APPEAL FROM
PROBATE).

Third Judicial District, New Haven, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In an appeal from probate the plaintiffs sought to have an instrument
purporting to be a will set aside upon the grounds of the alleged
testamentary incapacity of the testatrix, and of undue influence
exercised over her by the defendants. *Held*, upon a review of the
evidence, that it was sufficient to support a verdict of the jury in
favor of the plaintiffs upon each of these issues.

Evidence of acts and conduct of the defendants subsequent to the
execution of the will, tending to show concerted action between
them for the purpose of getting the property of the testatrix into
the possession of *F*, the eldest daughter, who was one of the defend-
ants and the principal beneficiary of the will, was admitted against
their objection. *Held* that as this evidence tended to connect the
defendants as fellow workers in obtaining the property throughout
the entire transaction, it was properly received for that purpose.

The plaintiffs were also permitted to show that *F* had been appointed
administratrix of her father's estate, and as such had failed to pay
over to her mother the balance due to her, and that strained rela-
tions between them resulted in consequence. *Held* that such evi-
dence was properly admitted as tending to prove that the testatrix
would not have been likely, if mentally competent and not unduly
influenced, to have disinherited her other children and given sub-
stantially all her property to *F*.

The defendants requested the trial court to charge the jury that the law
presumes every person to be sane and capable of making a will until
the contrary is shown. *Held* that under the circumstances as they
existed in the present case, there was no error in not giving this
instruction to the jury; and that had the request been complied
with it would have been likely to mislead the jury as to the party
on whom rested the burden of proof upon the question of testa-
mentary capacity.

How far the court should comment upon the weight to be given to facts
in evidence, is a matter resting in its discretion, so long as that is
not abused.

In the present case it appeared that the testatrix wrote the will herself,
and the trial court said to the jury that this fact was of substantial
weight, and called their attention to the claims of counsel pro and

Wheeler *v.* Rockett.

con respecting it. *Held* that in so doing there was no error of omission or commission upon the part of the trial judge.

The defendants requested several instructions as to what evidence was necessary to show undue influence. *Held* that the charge as given sufficiently covered these requests.

An involved and somewhat obscure passage is to be considered in connection with the rest of the charge, which may, as in the present case, render it harmless even if erroneous.

The will itself may afford some light upon the question of testamentary capacity, as well as upon that of undue influence, and is open to consideration accordingly. An apparent preference for the person charged with having exerted the undue influence, over others equally entitled, tends to support the truth of the charge in the absence of explanation; and if no preference is shown, that fact tends to show the absence of undue influence. But preferences, however unjust they may appear, are not conclusive, since a testator has the right to make such a will as he pleases.

Undue influence is not ordinarily susceptible of proof by direct and positive evidence, but is shown by facts and circumstances sufficient to convince; and therefore an instruction to that effect is entirely proper, especially where the proponents of the will relied upon the absence of any direct evidence in their arguments to the jury.

Argued January 16th—decided February 21st, 1917.

APPEAL from an order and decree of the Court of Probate for the district of Stratford approving and admitting to probate a certain written instrument as the last will of Ella Keppy of Stratford, deceased, taken to the Superior Court in Fairfield County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiffs, setting aside the will, and appeal by the defendant executor. *No error.*

*John J. Cullinan, Jr.,* for the appellant (defendant executor).

*Carl Foster,* for the appellees (plaintiffs).

THAYER, J. The jury gave the plaintiffs a verdict setting aside an alleged will of Mrs. Keppy which had been approved by the Court of Probate. The defend-

ant alleges error in the court's refusal to set aside the verdict, and in several rulings upon questions of evidence, in the charge as given, and in refusing to charge as requested.

Upon interrogatories submitted to the jury, they found that the testatrix was not of sound mind when she executed the will in question, and that its execution was brought about by the undue influence of her daughter, Mrs. Walters, and the defendant Rockett. He claims that there was no evidence to support the first proposition, and that that finding by the jury must have largely influenced them in their second finding, which is claimed to have been made upon evidence insufficient to support it.

We think that there was evidence sufficient to support both findings of the jury. As a reason for cutting off her daughter Maude with a bequest of $1, the testatrix stated in her will that Maude had allowed her husband to turn the testatrix out of her house. There was evidence tending to show that this was untrue, that she had not been turned out, and that this statement, and the repeated statements of a similar character by the testatrix during the last year of her life, after she had had a first shock, indicated a delusion on this subject by the testatrix. There was evidence of facts showing opportunity and a disposition on the part of the other daughter, Mrs. Walters, and Rockett, to encourage the testatrix in the delusion, and to induce her to make the attempted disposition of her property which is here contested.

The questions referred to in assignments of error four, five, six and seven, asked of the defendants when called as witnesses by the plaintiffs, and which were admitted against their objection, related to acts and conduct by them subsequent to the making of the will, and tended to show concerted action between them to

get the property of Mrs. Keppy into the possession of Mrs. Walters, and that Mrs. Keppy had been induced to make an assignment and conveyance of all her property to Mrs. Walters a few months after the will was executed, and that Rockett was proceeding to turn over the property to Mrs. Walters under the conveyance without filing an inventory of the estate as executor under the will. The plaintiffs' claim was that these parties had combined to obtain Mrs. Keppy's property by unduly influencing her to make a will in favor of her eldest daughter. The obtaining of the will was one step in accomplishing the purpose of the conspiracy. The evidence objected to tended to show other steps taken by the conspirators to make the success of their conspiracy more sure. It tended to connect the parties as fellow workers in obtaining the property throughout the entire transaction, and was properly admitted for that purpose.

The eighth error claimed relates to the admission of the probate records showing the appointment of Mrs. Walters as the administratrix of her father's estate, and her final account as administratrix. This was offered as preliminary to showing, as claimed by the plaintiffs, that as administratrix she failed to pay over a balance shown by her administration account, and that strained relations between her and her mother resulted. It was competent to show that the relations between her and her mother were such that the latter would not be likely, if competent to make a will and not improperly influenced, to disinherit her other children and give substantially all her property to Mrs. Walters. The defendants were not harmed by the admission of the probate records.

The ninth assignment of error has not been pressed and requires no consideration.

The tenth assigns error in the court's failure to charge,

as requested by the defendant, that the law presumes every person sane and capable of making a will until the contrary is shown. The request was not adapted to the circumstances of the case before the jury, and if given would have tended to mislead them as to the party on whom the burden of proof lay upon the question of the testatrix's soundness of mind. The burden of proving that the testatrix was of sound mind was upon the proponents of the will. They might in the first instance prove the execution of it in due form, and if nothing in the circumstances at the time of its execution tended to show the contrary, the proponents might rely upon the prima facie presumption that the testatrix was of sound mind. The presumption of sanity would be sufficient until evidence tending to show the contrary was introduced by the contestants. The proponents would, after the introduction of such evidence, be required to rebut this by preponderating evidence, and the presumption of sanity would have no probative force. *Knox's Appeal,* 26 Conn. 20, 22; *Livingston's Appeal,* 63 Conn. 68, 72, 26 Atl. 470; *Barber's Appeal,* 63 Conn. 393, 402, 27 Atl. 973; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 290, 291, 58 Atl. 963. There was evidence in this case, as we have said before, tending to show that the testatrix harbored a delusion which might lead her to cut off her younger daughter with a pittance as she did. The court, therefore, properly refused the request in question.

The eleventh and seventeenth assignments of error are that the court erred in refusing to instruct the jury, as requested, as to the weight to be given to the fact that the will in question and its provisions were written by the testatrix herself. How far the court should comment upon the weight to be given to facts in evidence, is a matter in its discretion so long as that discretion is not abused. The court told the jury that

the fact that the testatrix personally wrote the will was prima facie of very substantial weight, and called their attention to the claims of the counsel as to circumstances which supported or opposed the view that the fact should be given substantial weight. We find no error of omission or commission relating to this subject which is open to complaint by the defendant.

The twelfth, thirteenth, sixteenth and eighteenth assignments relate to refusals to charge relative to want of evidence and weight of evidence, and the refusals afford no ground for appeal. The request referred to in the fourteenth and fifteenth assignments of error were sufficiently covered by the charge as given.

In the nineteenth assignment a portion of the charge is criticised and claimed to have been harmful to the defendant. The language referred to seems to state that the question of undue influence is to be determined by the relative positions of the person for whose benefit the undue influence is claimed to have been exercised, and other persons who prima facie would be presumed to be equally entitled to testamentary remembrance in the will. The language used is involved, and, standing alone, is not clear. But considered in connection with the rest of the charge it was harmless. The court had just instructed the jury that upon the question of undue influence the will might be considered, that the jury were to consider it both for the purpose of seeing if it gave them any light upon the question of the testatrix's soundness of mind and also upon the question of undue influence. This was correct. In what followed the court was explaining in what way the will itself might tend to show undue influence or absence of it. An apparent preference for the person in whose behalf the undue influence was claimed to be exercised, over others equally entitled, would tend to support the contestants' claim of undue

Wheeler *v.* Rockett.

influence, in the absence of explanation. If no preference was shown, the will would tend to support the claim of no undue influence. In an earlier part of the charge the court had explained to the jury that preferences and unjust provisions in a will were not conclusive, because a testator had the right to make such a distribution of his property as he pleased. It had also very fully stated in what manner undue influence was to be established, and in the language complained of, in connection with what had previously been said, the jury could not have understood that the question of undue influence was to be determined from the fact that a preference had been shown by the testatrix for one of her three children. The language is to be taken as a part of the entire charge and construed in connection with the rest of the charge. So considered, it could not have harmed the defendant.

The language of the charge complained of in the twentieth assignment is not open to the objection made against it. The court in its discretion might well, in view of the argument that there was no proof of undue influence, ask the jury's special attention to the portion of the charge explaining that direct and positive evidence was not necessary, but that undue influence might be proved by facts and circumstances sufficient to convince.

There is no error.

In this opinion the other judges concurred.