HARRIET H. DOOLITTLE, EXECUTRIX (ESTATE OF SARAH R. H. MEIGS) *v.* EMMA H. UPSON ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 4—decided April 15, 1952

*T. Holmes Bracken,* with whom was *Lewis J. Somers,* for the appellant (plaintiff).

*Herbert L. Emanuelson,* with whom was *John F. Wynne,* for the appellees (defendants).

BROWN, C. J. Sarah R. H. Meigs of Madison died June 5, 1950, aged eighty-five years, leaving an instrument dated May 29, 1950, purporting to be her last will and testament. It named the plaintiff, Harriet H. Doolittle, executrix and chief beneficiary. On June 19, 1950, the Probate Court for the district of Madison refused to approve the instrument and admit it to probate. From this decree the plaintiff appealed to the Superior Court. The defendants are the beneficiaries under a prior will of the testatrix dated November 26, 1948. This was admittedly valid and effective when executed and would be operative to control the disposition of the testatrix' estate were it not for the instrument dated May 29, 1950. On the trial de novo before the Superior Court, the due execution of the 1950 will was not questioned, and it was agreed that the only two basic issues to be submitted to the jury were as to (1) testamentary capacity and (2) undue influence. On March 29, 1950, the plaintiff qualified as conservatrix of the testatrix under appointment by the Probate Court and functioned in that capacity until the latter's death on June 5, 1950.

The jury upon the trial in the Superior Court found that the will in question was not the last will and testament of the decedent, and in answer to interrogatories further expressly found that (1) testamentary capacity was not proven by the plaintiff proponent, and (2) undue influence on the part of the plaintiff was proven, seriatim, as to each and every item of the purported will. Upon the appeal to this court, the plaintiff admits that, since the jury found against her both on the issue of testamentary capacity and on that of undue influence, she must, in order to prevail, show error on

both, and unless there is error on the issue of testamentary capacity any possible errors on that of undue influence become of no moment. See *Ziman* v. *Whitley,* 110 Conn. 108, 115, 147 A. 370; *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A. 2d 187.

The plaintiff's amended assignments of error consist of but three paragraphs, the first two alleging error in the court's charge and the third in certain of its rulings on evidence. One of her complaints concerning the charge relates to the court's failure to give two of her written requests. Each of these concerned solely the issue of undue influence. By reason of the plaintiff's concession recited above, they call for no consideration. The other claim is that the court erred "[i]n failing in its charge to explain to the Jury the position and meaning of a conservatrix, the duties of such, the extent to which the appointment of a conservatrix, and the exercise of the duties of such appointment would have any bearing upon the issues of testamentary capacity and/or undue influence." Aside from excepting to the court's failure to give the two requests to charge, the plaintiff's only exception to the charge as given was in these words: "I feel the jury should be instructed that the mere fact Mrs. Doolittle was conservatrix and appointed by the Probate Court would not of itself tend to show any undue influence because of the fact due to the Probate Court she had any control." While the last few words quoted lack clarity, the statement leaves no doubt that the exception was directed solely to the court's charge upon the issue of undue influence and not to that upon testamentary capacity. Therefore, what we have stated as true of the court's failure to grant the plaintiff's requests to charge is likewise true of this exception. It affords the plaintiff no basis for relief upon her appeal. The court not only very fully and carefully defined the essentials of a sound

mind and testamentary capacity but went on to charge that a testatrix "may be competent to make a will though she has not mental capacity sufficient for the management or transaction of business generally, and though she is not mentally capable of making and digesting all the parts of a contract," and further that "some mental impairment could occur and still leave the testatrix with a sound mind within the definition of testamentary capacity which I have given you." Since the plaintiff neither filed a request to charge nor objected to the charge as given on the ground that it failed to state that the appointment of a conservatrix was in itself no evidence of the lack of testamentary capacity, she takes nothing under this assignment of error. The court did not err in its charge to the jury.

All of the assignments of error attacking the court's rulings upon evidence relate to questions allowed upon the cross-examination of the plaintiff. Counsel for the plaintiff, in objecting to a question as to how much the plaintiff as conservatrix had immediately after her appointment withdrawn from three bank accounts of the decedent, stated: "We are not here to try the conservatorship account." In this the court acquiesced. It admitted the evidence, however, directing attention to the fact that one of the questions for determination was the relationship between the plaintiff and the decedent, and added: "I don't think that inquiry can be shut off or insulated merely because there was a conservatorship intervening." The evidence was admissible on the issue of undue influence. The court's ruling was correct. See *Collins* v. *Erdmann,* 122 Conn. 626, 632, 191 A. 521; *Hobbes's Appeal,* 73 Conn. 462, 467, 47 A. 678; *Fordiani's Petition,* 99 Conn. 551, 561, 121 A. 796. So also were its other rulings, which admitted for the same purpose — that is, as bearing upon this relationship — the inventory signed and filed by

the plaintiff as conservatrix, her account as conservatrix, and evidence that as conservatrix she had paid to her attorney, who drew the will, $1500 for two months' services. In view of the plaintiff's great interest in the welfare of the decedent, professed on direct examination, the making of this payment was also admissible to affect credibility. For the same reason the court properly admitted questions as to the plaintiff's withdrawal as conservatrix of $2500 from each of the decedent's three bank accounts just prior to the respective dividend dates, with the consequent loss of interest, and as to whether a $500 withdrawal instead would not have sufficed for the then needs of the conservatorship. The court did not err in its rulings upon evidence.

There is no error.

In this opinion the other judges concurred.