JAMES D. SALVATORE ET AL. *v.* ANNA S. HAYDEN,
EXECUTRIX (ESTATE OF FRANK SALVATORE)

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

438

Argued June 4—decided June 24, 1957

*Frank J. Monchun,* with whom was *Harry Cooper,* for the appellant (defendant).

*R. Graeme Smith,* with whom was *Phyllis Corneal,* for the appellees (plaintiffs).

BALDWIN, J.   This is an appeal by the defendant from a judgment rendered upon the denial of a motion to set aside the verdict invalidating the will of Frank Salvatore.  Error is assigned and pressed in the denial of the motion, in the charge and in rulings on evidence.

The defendant, as proponent of the will, made the following claims of proof:  Frank Salvatore died on May 12, 1955, aged seventy-eight years.  He left a will executed on July 9, 1953, in which he gave the life use of the family home at 382 Rainbow Road, Windsor, to his widow, and the remainder, together with all of his other property, to Anna S. Hayden, his daughter, whom he designated executrix.  Anna, his oldest child, was crippled and walked with difficulty.  She had long lived in a house owned by the testator which was next door to his home, and at one time she had worked for him in a grocery store

which he had conducted. There were six other children, Mary Quagliaroli, Josephine Petinus, Dominica Vannie and Leo, James, and Francis Salvatore. The testator's reason for favoring Anna was that she was crippled, while the other six children were in good health, physically strong and able to care for themselves. The testator suffered a cerebral vascular accident at his home on June 6, 1953, and was taken to St. Francis Hospital in Hartford, where he remained until July 17, 1953. It was during this period, on July 9, 1953, that he executed his will. He had sufficient mental capacity to make a will and was not unduly influenced in favor of Anna.

The plaintiffs are James and Francis Salvatore, Dominica Vannie and Josephine Petinus. As contestants, they claim to have proven that the testator did not have sufficient mental capacity to make a valid will, that he was unduly influenced by Anna Hayden and Mary Quagliaroli, and that the latter, having procured an attorney to prepare the will, guided the testator's hand in the execution of it while the testator was in a weak, feeble physical condition and in a confused and emotionally disturbed state of mind.

The defendant assigns error in the finding of certain paragraphs of her claims of proof. She also assigns error in the finding of a number of paragraphs of the plaintiffs' claims of proof. In a jury case the claims of proof are used, not to test the court's ruling on the motion to set aside the verdict, but to consider errors claimed in the rulings during the trial and in the charge. The claims of proof found fairly present the facts necessary for this purpose. Maltbie, Conn. App. Proc. (2d Ed.) p. 199. Furthermore, a litigant ordinarily may not force

into the claims of proof of his adversary factual matters which are objectionable to the latter and upon which he does not rely. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 93, 98 A.2d 664; Maltbie, op. cit., p. 199. No corrections are warranted.

The court did not err in denying the motion to set aside the verdict. Under proper instructions from the court, the questions of the mental capacity of a testator and undue influence present issues of fact. *Nichols* v. *Wentz,* 78 Conn. 429, 435, 62 A. 610; *Spencer* v. *Merwin,* 80 Conn. 330, 335, 68 A. 370; *Saunders' Appeal,* 54 Conn. 108, 116, 6 A. 193; 2 Locke & Kohn, Conn. Probate Practice, § 329. On this feature of the appeal, the absence of an assignment of error attacking the charge, apart from one which will be discussed hereinafter, warrants the assumption that the charge was otherwise correct in law and sufficient for the guidance of the jury. *Efland* v. *Guyott Construction Co.,* 138 Conn. 183, 186, 82 A.2d 925; *Leverone* v. *New London,* 118 Conn. 463, 467, 173 A. 108. The testimony on both mental capacity and undue influence was conflicting. An examination of all the evidence printed in the appendices discloses a sufficient basis, as to both issues, reasonably to support the verdict. The claim is made that there was no direct evidence of undue influence. Undue influence need not be proved by direct evidence; it may be inferred from all the circumstances. *Wheeler* v. *Rockett,* 91 Conn. 388, 394, 100 A. 13; 2 Locke & Kohn, op. cit., § 321. There was evidence of sufficient facts and circumstances from which the jury reasonably could have found undue influence. *Lee* v. *Horrigan,* 140 Conn. 232, 239, 98 A.2d 909. Moreover, since no interrogatories were filed, the verdict, being a general one, can readily be supported on the ground of lack of testamentary

capacity. *Ross* v. *Koenig,* 129 Conn. 403, 405, 28 A.2d 875; see *Doolittle* v. *Upson,* 138 Conn. 642, 643, 88 A.2d 334.

The defendant assigns error in the court's charge to the jury that "the natural objects of the testator's bounty; that is, Frank Salvatore's bounty, . . . in this case, embraces the same persons as the phrase 'heirs-at-law.'" The testator's heirs at law were his wife and his children. Cum. Sup. § 3002d; § 7058. We have indicated that the phrase "natural objects of the testator's bounty" does not mean those with whom the testator "has been on terms of confidence, intimacy and affection, but those who will take in the absence of a will, his next of kin." *Page* v. *Phelps,* 108 Conn. 572, 585, 143 A. 890; 2 Locke & Kohn, op. cit., p. 147. The trial court's definition of the phrase was correct. The defendant, however, presses her claim by asserting that the definition given was prejudicial when read in connection with a later instruction to the effect that an unnatural disposition of a decedent's estate by will is evidence of undue influence or lack of mental capacity in the making of the will. This was particularly harmful in the instant case, she says, because the will favored her individually over all her sisters and brothers and therefore the definition placed an undue burden upon her. Although the plaintiffs make no point of it, the exception taken by the defendant did not fully comply with the rule in that it did not distinctly state, or even refer to, the criticism of the charge advanced now. *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 256, 113 A.2d 361; Practice Book § 153. Regardless of that, it was proper for the court to charge in effect that the fact that a testator executes a will which in its terms is unjust or unreasonable in disregarding to a great extent the

natural objects of his bounty is relevant evidence tending to prove undue influence or lack of mental capacity. *Maroncelli* v. *Starkweather,* 104 Conn. 419, 426, 133 A. 209; 2 Locke & Kohn, op. cit., p. 164. This charge placed no undue burden upon the defendant, especially when read in connection with a further charge to the effect that a disposition by will different from the disposition which the law would have provided if there had been no will is not sufficient, alone, to establish undue influence or lack of testamentary capacity. A charge must be read and considered in its entirety. The instructions given on the matter in issue were adequate and sufficient for the guidance of the jury. There was no error in the charge.

The defendant complains of two rulings on evidence. Josephine Petinus, one of the plaintiffs, was allowed, over objection, to testify to a statement made to her by the defendant pertaining to the making of the will. Under the circumstances, this statement was clearly admissible. *Richmond's Appeal,* 59 Conn. 226, 241, 22 A. 82; 1 Schouler, Wills, Executors & Administrators (6th Ed.) § 296. The other ruling was on the admission of testimony of Dominica Vannie, a plaintiff, offered and received to rebut the denial by Mary Quagliaroli, a daughter of the testator who did not contest the will and who was called as a witness by the defendant, that she had made a certain statement concerning the reason for one of the provisions in the will. The defendant objected on the ground that the evidence offered was hearsay. The testimony was admissible to impeach the credibility of Mary Quagliaroli. The defendant now claims error in the failure of the court specifically to restrict the admission to this limited purpose. Since this claim was not made when the court

was called upon to make the ruling, we cannot consider it now. *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346; Practice Book § 155. The defendant, as an appellant, is confined in this court to the ground of objection put forward by her in the trial court. *State* v. *Williams,* 90 Conn. 126, 131, 96 A. 370; *Sortito* v. *Prudential Ins. Co.,* 108 Conn. 163, 172, 142 A. 808; *Borucki* v. *MacKenzie Bros. Co.,* 125 Conn. 92, 103, 3 A.2d 224. The rulings were proper.

There is no error.

In this opinion the other judges concurred.