[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Proceedings
The matter before the court is an appeal from a decision of the Norwich Probate Court admitting the Last Will and Testament of Adelard W. Gervais dated November 26, 1991.
Adelard Gervais died on September 2, 1995. Adelard Gervais executed an instrument purported by the defendant to be his Last Will and Testament on November 26, 1991. Under the terms of said instrument, Adelard's estate is to be left in trust to his granddaughter, Christine Lavallee to the exclusion of his son, Richard Gervais, and his grandsons, Corey Gervais and Richard Gervais, Jr. Said instrument names Christine Lavallee and the Reverend Roger Martin, a Roman Catholic priest and Adelard's brother-in-law as co-executors of the estate. Said instrument names Christine Lavallee as trustee. CT Page 11862
There were two prior wills executed by Adelard Gervais. The first will, executed in 1954, left Adelard's estate to his wife Anita or to his only child, Richard Gervais, if Anita predeceased Adelard. The second will, executed in 1989, after Anita Gervais' death in 1988, left Adelard's estate, in trust, to his three grandchildren, Christine Lavallee, Corey Gervais and Richard Gervais, Jr. The 1989 will also named Christine Lavallee as trustee and the Reverend Roger Martin and Christine Lavallee as co-executors.
Richard Gervais is contesting the 1991 instrument on the basis of a lack of testamentary capacity of Adelard Gervais at the time of the execution of said instrument and on the undue influence of Christine Lavallee and the Reverend Roger Martin on Adelard Gervais prior to the execution of said instrument.
II Argument
A. Testamentary Capacity
Connecticut courts in will contests have always recognized that the general burden of proof is upon the proponent of the will, Berkowitz v. Berkowitz, 147 Conn. 474 (1960); Wheat v.Wheat, 156 Conn. 575 (1968); Paster v. Bielski, 174 Conn. 193
(1978). The proponent must establish, by a preponderance of the evidence, the two main issues of due execution and testamentary capacity. Trella v. Prestoff, 128 Conn. 337 (1941); Crane v.Manchester, 143 Conn. 498 (1956). There is a general legal presumption that a person is sane until the contrary is shown.State v. Lee, 69 Conn. 186 (1987). In will contests the capacity of the testator is presumed, upon proof of the due execution of the will or until the contrary is shown. Re Barber's Estate,63 Conn. 393 (1893); Stanton v. Brigley, 177 Conn. 558 (1979). The presumption of capacity becomes operative when the available attesting witnesses have been produced and examined upon the due execution and testamentary capacity, Re Knox, 26 Conn. 20 (1857);Shulman v. Shulman, 150 Conn. 651 (1963).
Although the plaintiff did not address the issue of testamentary capacity in his brief, he does allege it in paragraph three in his Reasons of Appeal dated March 3, 1997.
To support her claims that the will was duly executed and that the deceased had testamentary capacity, the defendant CT Page 11863 produced several witnesses who testified that the testator was of sound mind, in good health and knew exactly how he wanted to dispose of his estate.
Attorney Stuart Norman, who prepared the 1989 and 1991 wills for Adelard Gervais, testified that the latter was not only competent, but he admired his determination, foresight and competency in business matters. Because he was aware that Adelard anticipated trouble from the plaintiff after his death, he had Elaine R. Benoit and Lynn Gromko, of his office staff, to prepare affidavits memorializing the day the will was executed. They both testified that he was clearly of sound mind and in good health at the time he signed the will.
Dr. Bernard J. Podurgiel, Adelard's personal physician, testified that he had known and treated him from 1976 until his death in 1995. He stated that he was not depressed or easily influenced and was, in fact, a very strong-willed person. He blamed his son, Richard, the plaintiff, for his wife Anita's death at around 1988. He also was aware that Adelard was not getting along with Richard. When he made changes in his will in 1989 and 1991, he was competent.
Judge James Devine, formerly Adelard's attorney in an eviction action against the plaintiff, Richard, from 1989 to 1992, testified that Adelard was very strong-willed, that he had a dispute with Richard that resulted in an eviction action against him to remove the latter from the downstairs apartment in his home which Richard was renting for a small amount per month. Finally, Judge Devine stated that Adelard was mentally and physically competent during the period he knew him from 1989 to 1992.
Adelard Gervais was clearly of sound mind and in good health at the time he executed his 1991 will. Although he specifically excluded his son, Richard, from the will, for reasons he did not disclose, that does not diminish his capacity. There was animosity between them during the contested eviction action. He also had stated that he blamed his wife's death on Richard. Therefore, the presumption of lack of testamentary capacity that arises when the natural object of the testator's bounty is excluded, is defeated.
The court therefore finds that the defendant has satisfied her burden of proving testamentary capacity. Further, the court CT Page 11864 finds that the plaintiff failed to present any evidence at all of mental incapacity.
B. Undue Influence
The plaintiff claims that although generally, opponents of a will must establish the existence of undue influence, in certain circumstances, a presumption of undue influence arises and the burden of proof shifts to the proponent of the will. Such a circumstance is when the natural object of the testator's bounty is excluded from participation in his estate and a stranger who has a confidential relationship with the testator supplants the natural object of his bounty. In such a case, the proponent of the will must disprove by "a clear preponderance of the evidence the affirmation of the actual exercise of undue influence by such beneficiaries of the will." Re Lockwood, 80 Conn. 513, 521
(1908). A testator's "natural objects of his bounty are those who will take in the absence of a will, the next of kin. Page v.Phelps, 108 Conn. 572 (1928). Richard is the only child of Adelard. He is therefore the next of kin who would inherit absent a will.
However, there is a distinction drawn by the court inLockwood, at 522 and 523, between when the person alleged to have used undue influence is a stranger, for example, a lawyer, or a guardian having charge of the person or his estate, and as in this case, a daughter of the testator. In Lockwood, the court held the relationship between Alice, the daughter, and her mother did not in itself raise a presumption of undue influence.
"There is a broad distinction between the effect of a confidential relation of a legatee to the testator, as suggestive of undue influence, when that legatee is a stranger and when he is a child. In the latter case, both the relation of confidence and some participation in this estate is natural." Lockwood,supra p. 523. The instant case is analogous in that here, Christine Lavalle is the granddaughter of the testator, Adelard, and the daughter of Richard. Thus, the court finds that under those circumstances, Richard has the burden of proof. She is not a "stranger" as referred to in Lockwood.
Richard claims that Christine established a confidential relationship with his grandfather after Anita's death in 1988 and because of her influence changed his will in 1989 to disinherit Richard. He also claims that in 1991 he again changed his will CT Page 11865 due to her influence and disinherited Christine's two brothers. Richard also claims that after Anita's death, Christine spent more time with Adelard and poisoned the relationship between him and Richard to cause him to change his will in her favor.
The court finds these claims are totally unsupported by the evidence. No witness, other than Richard, said Christine ever tried to influence Adelard to change his will. The court specifically finds that Christine did not occupy a position of confidence with Adelard, nor was she a member of a class of people who might otherwise occupy a position of trust by virtue of their profession, such as a lawyer or doctor. In short, there was no evidence at all of a relationship other than that of a granddaughter to her grandfather. Furthermore, all the evidence showed that Adelard was a strong-willed person not easily influenced by anybody.
The court therefore finds that there is overwhelming evidence that there was no undue influence by Christine. The testator clearly made his own decision to disinherit Richard and the court will not disturb his wishes in that regard.
The court denies the appeal and sustains the decision of the Norwich Probate Court admitting the Last Will and Testament of Adelard Gervais dated November 26, 1991.
The court will also award reasonable attorney's fees because it finds that the plaintiff, Richard Gervais, acted in bad faith in bringing this action.
D. Michael Hurley Judge Trial Referee