GIUSEPPINA SANTOSSIO *v.* FIORE F. D'ADDARIO ET AL.

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and COVELLO, Js.

Argued April 4—decided May 8—reargued June 15— amended opinion filed July 10, 1956

*Philip Reich,* for the appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, were *Francis J. Moran* and *Albert R. Moquet,* for the appellees (named defendant et al.).

*Henry J. Lyons,* for the appellees (defendants Mario D'Addario et al.).

WYNNE, J.  In this action the plaintiff sought to recover damages for personal injuries. It was tried to the jury.  Without offering any evidence, the defendants made a motion for a directed verdict which the court granted.  From the judgment rendered on the denial of the plaintiff's motion that the verdict be set aside, the plaintiff has appealed.  The assignments of error are twofold.  Error is claimed in the court's refusal to set aside the verdict and in rulings on evidence.  Five such rulings are before us.

The plaintiff claimed to have proved the following facts:  On April 30, 1952, the defendant Fiore F. D'Addario, individually and as administrator of the estate of Nicola D'Addario, was carrying on a general contracting business, The D'Addario Construc-

tion Company, in Bridgeport and vicinity. The company owned, operated and maintained an excavating machine known as a back hoe, which at the time of the occurrences hereinafter set forth was being operated by the defendant Anthony Tranquillo as the agent and servant of the company and within the course of his employment. The defendant Irma D'Addario was the owner of property located on Columbus Place in Bridgeport. The defendant Mario D'Addario, husband of Irma, was a cousin of the partners and owners of The D'Addario Construction Company. On April 30, 1952, excavation started for the construction by Mario of a garage on the Columbus Place property owned by Irma. In connection with the excavating, Mario obtained from Fiore, as a favor and without consideration, the use of the back hoe. Mario was supervising the job. The plaintiff, at about 1 p.m., on her way to visit a friend on George Street, entered Columbus Place at North Washington Avenue and was walking along the south side, westerly toward Main Street, when she stepped on a manhole cover. It gave way and her right leg went into the hole. Prior to the plaintiff's accident, a water-meter pit had been located in Columbus Place in front of Irma's property. It consisted of a cast-iron cover and flange which rested upon a twenty-inch vitrified tile. After the accident, the flange was in three pieces. When the back hoe, which weighed about eighteen tons, was unloaded, Tranquillo had driven it across the sidewalk in the general vicinity of the water-meter pit and onto the D'Addario lot. The passage of the back hoe in the general vicinity of the meter pit caused the flange to break. The plaintiff's weight caused the cover to give way when she stepped on it. Mario was present and had ob-

served the course of the back hoe from the street to his wife's property.

The rulings on evidence complained of concern the exclusion of details of a conversation between Mario and the plaintiff's trial counsel a few hours after the accident. A witness to that conversation, the plaintiff's son, was asked what Mario said concerning the accident. The court excluded the evidence in each instance. One of the questions excluded was whether the proffered witness heard Mario make a statement about the broken cover of the water-meter hole. It is clear that Mario could have stated how the cover was broken and that it was left unguarded in a damaged condition. This would have been an admission against interest as to him if the jury found that he was in charge of the work. The evidence was claimed as an admission and should have been permitted to go in. In *Perrelli* v. *Savas,* 115 Conn. 42, 43, 160 A. 311, the court refers to the principle stated in *State* v. *Willis,* 71 Conn. 293, 306, 41 A. 820, that admissions made out of court by a party to an action are always admissible in evidence. "They are admitted because conduct of a party to the proceedings, in respect to the matter in dispute, whether by acts, speech, or writing, which is clearly inconsistent with the truth of his contention, is a fact relevant to the issue." Ibid. Mario's claimed statement was admissible, however, only against him. If it had been admitted in evidence, it could not properly have affected the result as to any of the other defendants.

On the evidence, the court, when the plaintiff rested, was justified in directing a verdict for all the defendants. We find no error in its refusal to set aside the verdict.

Since the plaintiff has caused the transcript,

rather than a narrative of the evidence, to be printed as an appendix, contrary to Practice Book § 448, no costs should be taxed for the expense of printing the appendix. Practice Book § 452.

There is error only as to the judgment in favor of the defendant Mario D'Addario, the judgment as to him only is set aside and a new trial is ordered as to him.

No costs shall be taxed in favor of the plaintiff for the expense of printing the appendix to her brief.

In this opinion the other judges concurred.