FREDERICK A. ROGERS ET AL. *v.* COOLEY CHEVROLET COMPANY ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, JS.

Argued February 3—decided February 8, 1972

*William F. Gallagher*, with whom, on the brief, was *Frederick S. Moss*, for the appellants (plaintiffs).

*Robert C. Flanagan*, for the appellees (defendants).

PER CURIAM. This was an action for damages sustained by the plaintiff in a collision between his bicycle and the defendants' truck. The trial resulted

in a verdict for the defendants. The sole issue on appeal is the plaintiffs' claim that the trial court committed error in an evidential ruling.

The investigating police officer, on cross-examination, was permitted to read into evidence a statement which the defendant operator gave to the officer in the presence of the plaintiff at the scene of the accident. The only objection to the admission of the evidence was that it was a self-serving statement. If an objection had been made that the statement was hearsay and inadmissible in the absence of a proper foundation for the admission of the statement as a "tacit admission," it would undoubtedly have been properly excluded as hearsay under the precedent of *Mei* v. *Alterman Transport Lines, Inc.*, 159 Conn. 307, 313, 268 A.2d 639, and *Obermeier* v. *Nielsen,* 158 Conn. 8, 11, 255 A.2d 819. This is the authority on which the plaintiffs rely in this appeal.

No objection on the ground of hearsay was raised in the trial court, however, and the court was never alerted to the claims now advanced on this appeal. Whether, under the circumstances, a proper foundation for the admission of the statement could have been laid had its absence been called to the attention of the court on proper objection to the evidence as hearsay is now purely speculative. "Since this claim was not made when the court was called upon to make the ruling, we cannot consider it now. *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346; Practice Book § 155 [Practice Book, 1963, § 266]. The . . . [plaintiff], as an appellant, is confined in this court to the ground of objection put forward by . . . [him] in the trial court. *State* v. *Williams,* 90 Conn. 126, 131, 96 A. 370; *Sortito* v. *Prudential Ins. Co.,* 108 Conn. 163, 172, 142 A. 808; *Borucki* v. *Mackenzie Bros. Co.,* 125 Conn. 92, 103, 3 A.2d 224."

*Salvatore* v. *Hayden,* 144 Conn. 437, 442, 133 A.2d 622; *Delfino* v. *Warners Motor Express,* 142 Conn. 301, 307, 114 A.2d 205.

There is no error.