167 Conn. 309 (1974)
STATE OF CONNECTICUT
v.
WENDELL E. BARTEE
Supreme Court of Connecticut.
Argued October 3, 1974.
Decision released November 19, 1974.
HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.
Edward F. Kunin, for the appellant (defendant).
Walter D. Flanagan, assistant state's attorney, with whom, on the brief, were Donald A. Browne, state's attorney, and Richard F. Jacobson, assistant state's attorney, for the appellee (state).
*310 HOUSE, C. J.
The defendant was convicted by a jury of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). There is not much divergence between the facts presented by the state and the defendant, and the defendant has made no claim that the verdict was not supported by the evidence. Rather, on this appeal it is his claim that the primary issues at the trial were the intent of the defendant and the credibility of witnesses and that evidence was improperly admitted which prejudiced him on the question of credibility.
The state offered to prove and claimed to have proved the following facts: On December 29, 1971, David J. Carey, a state police officer, was assigned to perform undercover narcotics work in the Bridgeport area. Officer Carey, working with an informer known to narcotics dealers in that city, met Bartee and a companion and they agreed to take him to a location where he could obtain narcotics. Upon arriving at the site, Officer Carey, who was driving, turned to Bartee, who was seated with his companion in the back seat of the car, and was confronted with an open straight razor held by Bartee. A struggle ensued in which Bartee and his companion subdued the officer and placed the razor against his throat. He was instructed to give up, and his wallet and some cash were taken from his pockets. As Bartee was leaving the vehicle, the officer grabbed his hand which held the razor and backed out of the car. In the process, the officer received a cut from the razor on his left hand. As he got out of the car, the officer took a pistol out of his pocket and told Bartee to stop or he would shoot. Bartee, with the razor in his hand, approached the officer and told him to go ahead and shoot. The *311 officer then shot the defendant in the chest. Bartee was immediately taken to the hospital where he was arrested and advised of his rights by Sergeant Frank Nerkowski of the Bridgeport police department. The next day, December 30, 1971, Bartee was interviewed at the hospital by Officer Nerkowski regarding the incident of the previous day. The officer testified that at the outset of this interview he asked Bartee if he remembered and understood the warnings which were given to him the previous day. Bartee indicated that he did. Thereupon Bartee gave the officer a statement which was admitted into evidence at the trial.
In this statement, Bartee claimed that it was his companion who jumped on the officer, a scuffle ensued, and the officer and Bartee both got out of the car. Bartee had a razor in his hand. The officer told him to drop the razor or he would shoot, and Bartee told the officer to go ahead and shoot. After he was shot, Bartee dropped the razor and was taken to the hospital.
The defendant filed five assignments of error all predicated upon a claim that the court erred in permitting Officer Nerkowski to testify to the statements which Bartee made to him in the hospital on the day following the shooting. In his brief, the defendant has varied his claims somewhat and briefed four issues which are primarily related to and concern the question of the voluntariness of the defendant's statement and the sufficiency of the warning to him as required by the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S. Ct. 1602, 16 L. Ed. 2d 694. He asserts that at the time the statement was given he had an absolute right to have counsel *312 present, that he was without the assistance of counsel, and that the state failed to show that he voluntarily waived the right to counsel.
Regardless of the precise moment when an arrested person may have any "absolute" right to counsel it cannot be doubted that, once warned of his rights as prescribed in Miranda v. Arizona, supra, and the opportunity to exercise those rights has been afforded and is afforded him throughout the interrogation, "the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement." Miranda v. Arizona, supra, 479. As the United States Supreme Court further stated in that case (p. 478): "Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." As we summarized the rule in State v. Darwin, 161 Conn. 413, 428, 288 A.2d 422: "What seems to be required is that once charged with a crime, a defendant must know that any statements he might make can be used against him and that any time he chooses to make a statement to a law enforcement official he may have counsel present. Thus, a statement made by a defendant after he is charged with a crime is only admissible if his counsel is present, or if he knowingly and voluntarily waives his right to have counsel present."
Not only is it significant that at the time Bartee gave his statement to Officer Nerkowski he had not been arraigned or informed against, but the court after a full hearing in the absence of the jury concluded that the statement "was made by Bartee freely and voluntarily and at a time when he had *313 been previously informed of his rights and at a time when he was physically and mentally capable of understanding and appreciating not only his rights but also anything that he might say during said interview."
In connection with the court's ruling as to the voluntariness of his statement, the defendant has briefed a claim that "[t]he sufficiency of defendant's physical condition was not proved by the state" and that hearsay evidence was admitted as to the defendant's physical condition. The prosecution has the burden of proving voluntariness at least by the fair preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 92 S. Ct. 619, 30 L. Ed. 2d 618. Office Nerkowski testified as to his interrogation of Bartee and that before he interviewed Bartee he conferred with the director of security at the hospital who checked with the attending physician who gave permission for the interview. This testimony was admitted without objection by the defendant and no exception was taken or motion to strike the testimony made. Since the claim as to hearsay evidence now made was not raised in and passed on by the trial court, we do not consider it on appeal. State v. Uriano, 165 Conn. 104, 328 A.2d 679; State v. Evans, 165 Conn. 61, 327 A.2d 576; see also United States v. Indiviglio, 352 F.2d 276 (2d Cir.).
We find no merit to the claim of the defendant that the state did not meet its burden of showing that the defendant's statement was freely and voluntarily given or to his further claim that he did not waive his right to have counsel present.
The defendant's remaining assignment of error is a claim that "the detective did not give the Miranda *314 warning properly."[1] The precise words used by the Supreme Court in Miranda do not constitute a ritualistic formula which must be repeated without variation in order to be effective. Words which convey the substance of the warning along with the required information are sufficient. United States v. Vanterpool, 394 F.2d 697 (2d Cir.); United States v. Potter, 360 F. Sup. 68 (E.D. La.), aff'd, 490 F.2d 991 (5th Cir.). Not only do we find no merit to the present claim of the defendant that the warning as given was not proper and sufficient but, in addition, no question of the adequacy of the warning was raised in the trial court. We have already stated and have repeatedly reiterated that this court will not consider claimed errors on the part of the trial court unless the claim was raised and passed on in the trial court. Practice Book § 652; State v. Evans, supra; see also State v. Ferraro, 164 Conn. 103, 318 A.2d 80; Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 568, 345 A.2d 520.
There is no error.
In this opinion the other judges concurred.
NOTES
[1] The actual warning as given to Bartee by Officer Nerkowski was: "You have a right to remain silent. If you talk to any police officer, anything you say can and will be used against you in court. You have a right to consult with a lawyer before you are questioned, and may have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you, if you wish, before any questioning. If you wish to answer questions, you have the right to stop answering at any time. You may stop answering questions at any time if you wish to talk to a lawyer."