ANDREW FICO ET AL. *v.* LIQUOR CONTROL COMMISSION

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued November 13, 1974—decision released March 4, 1975

*Howard A. Jacobs,* for the appellants (plaintiffs).

*Daniel R. Schaefer,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Barney Lapp,* assistant attorney general, for the appellee (defendant).

LONGO, J. The plaintiffs have appealed from the judgment of the Court of Common Pleas in New Haven County dismissing their appeal from the

action of the defendant commission which (1) revoked the named plaintiff's hotel liquor permit because immoral activities were conducted at the permit premises in violation of § 30-6-A24 of the commission's regulations and (2) declared one of the officers of the plaintiff The Debonair Motel, Inc., to be an unsuitable person because of his conviction for allowing the use of rooms for prostitution. General Statutes § 53-234.

The plaintiffs claim that there was error in the proceedings in the Court of Common Pleas because, they assert, there was a substitution of judges on the hearing of their appeal. The claim arises from the circumstance that at the very commencement of a hearing before *Levine, J.,* the commission offered as an exhibit a certified transcript of the proceedings before it. The plaintiffs objected to the admission of the transcript in evidence and, after argument, the court reserved decision and requested the parties to file on the evidential question, and then adjourned. It heard no evidence on the merits of the appeal. Subsequently, by a memorandum of decision dated May 12, 1971, the court (*Levine, J.*) overruled the plaintiffs' objections. The case continued on the docket and came on for hearing before *Sponzo, J.,* on October 4, 1972. The plaintiffs moved for a mistrial on the basis that *Levine, J.,* had commenced the hearing on April 22, 1971, and that it should be concluded before him. The court denied the motion for a mistrial, heard no evidence, but considered the contents of the transcript of proceedings before the commission and dismissed the plaintiffs' appeal. See, e.g., *People* v. *McConnell,* 155 Ill. 192, 40 N.E. 608; *Hoffman* v. *Shuey,* 223 Ky. 70, 75, 2 S.W.2d 1049; *Thayer* v. *Duffy,* 240 Minn. 234, 251, 63 N.W.2d 28; *Lance* v. *Slusher,* 74 Ohio App. 361, 364, 59 N.E.2d 57.

The plaintiffs' claim of improper substitution of judges is without merit. Judge Levine was assigned to the April, 1971 session of the Court of Common Pleas which ended on July 3, 1971. Although he had commenced the hearing in the April session, he did not continue the trial and render judgment prior to the termination of the July session and as a result he lost jurisdiction. General Statutes § 51-29. The case remained on the docket and approximately fifteen months later came before Judge Sponzo who was assigned to hold court in New Haven County in the September, 1972 session. The matter was properly before Judge Sponzo for all purposes and he determined the merits of the appeal and rendered judgment on the basis of the entire record before him. For the reasons given, the court was not in error in disposing of the appeal.

The plaintiffs claim further that certain evidence presented to the commission was not legally competent and should have been excluded from the consideration of the reviewing court.[1] The plaintiff Pasquale Fico admitted at the hearing conducted by the commission that he knew that there was prostitution transpiring on the premises and he was of the opinion that the plaintiff Andrew Fico, his father, also knew of this. The plaintiffs now complain that this testimony should not have been admitted into evidence because it was hearsay evidence and con-

---

[1] Section 30-60 of the General Statutes, as amended, entitled "Appeal," provides in pertinent part: "Upon such appeal, [from a decision of the liquor control commission to the Court of Common Pleas,] a transcript of the hearing shall be certified to the court by the commission and the court shall admit so much thereof as is legally competent, relevant and material to the issue within the rules of evidence."

sequently was incompetent and barred by § 30-60 of the General Statutes. Although neither side has briefed the question, we cannot overlook the elementary rule of evidence that an admission of a party may be entered into evidence as an exception to the hearsay rule. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.,* 149 Conn. 149, 155, 176 A.2d 574; *Santossio* v. *D'Addario,* 143 Conn. 563, 566, 123 A.2d 870; McCormick, Evidence (2d Ed.) §§ 262, 263 n.29, 266. The plaintiff Pasquale Fico's opinion as to his father's knowledge of acts which would constitute violations of § 30-6-A24 of the commission's regulations was relevant and admissible as evidence of Pasquale Fico's intent and state of mind and as to the determination by the commission as to whether he was an "unsuitable person" and whether the permittee should have known of violations of the regulations.

The plaintiffs, represented by counsel at the hearing before the commission, did not object to the hearsay testimony of an undercover agent or to the testimony of the plaintiff Pasquale Fico. However, they later sought to have the testimony excluded in the appeal to the Court of Common Pleas. Had the plaintiffs seasonably raised objections, the defendant commission would have had an opportunity to rule upon them, and, if necessary, to present other evidence. Often, of course, counsel may wisely decide to refrain from objecting, where such other evidence was available. *State* v. *Bartee,* 167 Conn. 309, 313, 355 A.2d 250; *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 568, 345 A.2d 520; *International Brotherhood* v. *Commission on Civil Rights,* 140 Conn. 537, 546, 102 A.2d 366. It is in the interest of fairness and orderly judicial administration that if an objection is not raised at

the hearing, generally it should not be considered for the first time on appeal. See *Rogers* v. *Cooley Chevrolet Co.*, 162 Conn. 619, 620, 295 A.2d 562; *Derby* v. *Water Resources Commission*, 148 Conn. 584, 589, 172 A.2d 907; *Delfino* v. *Warners Motor Express*, 142 Conn. 301, 307–308, 114 A.2d 205; but cf. *State* v. *Ralls*, 167 Conn. 408, 421, 356 A.2d 147; *Danahy* v. *Cuneo*, 130 Conn. 213, 217, 33 A.2d 132.

Where hearsay evidence is introduced without objection and is substantially corroborated by overwhelming original evidence clearly admissible against the parties to be affected, the commission is not to be regarded as having acted arbitrarily, nor may its findings and order be rejected as wanting in support, simply because the hearsay evidence was considered along with the rest. *Spiller* v. *Atchison, T. & S. F. Ry Co.*, 253 U.S. 117, 131, 40 S. Ct. 466, 64 L. Ed. 810; *Aminti* v. *Liquor Control Commission*, 144 Conn. 550, 553, 135 A.2d 595; *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 293, 99 A.2d 149; *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 30 A.2d 547.

Counsel for the plaintiffs admitted at the defendant commission's hearing that both plaintiffs had been convicted of a crime and that one of them was, in fact, then "serving time." *Abbott* v. *Lee*, 86 Conn. 392, 401, 85 A. 526. Further, the plaintiff Pasquale Fico himself admitted that he had pleaded guilty to the charge of allowing the rooms for prostitution. There was sufficient evidence to support the commission's conclusions that its regulations had been violated by both plaintiffs. *Sumara* v. *Liquor Control Commission*, 165 Conn. 26, 30, 327 A.2d 549.

The remaining assignments of error were not briefed and are considered abandoned. Practise

Book § 652; *Dick* v. *Dick,* 167 Conn. 210, 228, 355 A.2d 110; *Manchester Memorial Hospital, Inc.* v. *Board of Labor Relations,* 167 Conn. 89, 96, 355 A.2d 106; Maltbie, Conn. App. Proc. § 327. Other assignments were attacks on the finding which would not materially affect the issues on appeal. *Ferino* v. *Palmer,* 133 Conn. 463, 465, 52 A.2d 433.

There is no error.

In this opinion the other judges concurred.