### AETNA LIFE & CASUALTY *v.* MISCIONE OF CONNECTICUT, INC.
### (11984)

PETERS, HEALEY, PARSKEY, GRILLO and COVELLO, Js.

Argued May 2—decision released June 19, 1984

*Henry C. Ide,* with whom, on the brief, was *Jeffrey B. Coppage,* for the appellant (defendant).

*James L. Pomeranz,* with whom, on the brief, were *Lucas Strunk* and *Douglas L. Drayton,* for the appellee (plaintiff).

PER CURIAM. This is an action to recover an additional premium for workers' compensation insurance. The plaintiff, Aetna Life and Casualty, recovered the full amount of its claim, $47,484, from the defendant, Miscione of Connecticut, Inc., after a hearing limited to the issue of damages. The defendant's appeal challenges three evidentiary rulings of the trial court. We find no error.

Before addressing the challenged evidentiary rulings, we note that the defendant's brief fails to comply with the requirement of Practice Book § 3060F (b) that the appellant's brief contain a "statement of facts . . . in narrative form . . . supported by appropriate references to the page or pages of the record or transcript upon which the party relies." Although the appellant's brief need only state "facts bearing upon the questions raised" upon the appeal, even claims of error contesting evidentiary rulings cannot properly be reviewed by this court without some indication of the context in which they occurred. The defendant's failure to provide a proper statement of facts leaves this court with a factual record which is inadequate for appellate review. *State* v. *Jones,* 193 Conn. 70, 74–75 n.2, 475 A.2d 1087 (1984).

In the defendant's presentation to this court of its evidentiary claims of error, the defendant has also failed to observe other requirements of the Practice Book. The defendant claims that the trial court erred in permitting the plaintiff's witness James A. D'Errico to testify as to the contents of a treatise not in evidence.

We need not consider this claim because the defendant has not demonstrated that "it was distinctly raised at the trial or arose subsequent to the trial." Practice Book § 3063;[1] *Chaplin* v. *Balkus,* 189 Conn. 445, 447, 456 A.2d 286 (1983); *State* v. *McCall,* 187 Conn. 73, 87–88, 444 A.2d 896 (1982). The defendant claims that the trial court erred in admitting hearsay evidence to establish what rate categories were applicable to the defendant's employees. The defendant's statement of this claim does not fully state the challenged question or the ground on which the evidence was claimed to be admissible and therefore does not conform to Practice Book § 3060F (c) (3).[2] We note in passing, however, that the trial court might reasonably have permitted the challenged statement into evidence as an admission by an agent of the defendant acting within the scope of her actual or apparent authority. *Fico* v. *Liquor Control Commission,* 168 Conn. 74, 76–77, 358 A.2d 353 (1975). In the absence of any demonstration that either of these evidentiary rulings constitutes plain

[1] "[Practice Book] Sec. 3063. ERRORS CONSIDERED

"The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interest of justice notice plain error not brought to the attention of the trial court."

[2] Practice Book § 3060F (c) (3) provides: "(3) When error is claimed in any other ruling in a court or jury case, the brief shall include, where appropriate: the pertinent motion or pleading, if it does not appear in the printed record; the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception. When the basis of the ruling cannot be understood without a knowledge of the evidence or proceeding which preceded or followed the ruling, a brief narrative or verbatim statement of the evidence or proceeding should be made. A verbatim excerpt from the transcript should not be used if a narrative statement will suffice. When the same ruling is repeated, the brief should contain only a single ruling unless the other rulings are further illustrative of the rule which determined the action of the trial court or establish the materiality or harmfulness of the error claimed. The statement of rulings in the brief shall include appropriate references to the page or pages of the transcript."

error, or that enforcement of our rules will cause injustice; Practice Book § 3164; we decline to consider these claims. *State* v. *Vass,* 191 Conn. 604, 621, 469 A.2d 767 (1983); *Franchi* v. *Farmholme, Inc.,* 191 Conn. 201, 206, 464 A.2d 35 (1983).

The defendant's final evidentiary claim asserts that the trial court erroneously permitted secondary evidence of the defendant's payroll records, and of the terms of the underlying insurance policy, to be introduced without a proper foundation. The defendant objected at trial to the admissibility of audit documents prepared by the plaintiff's witness from a payroll register provided by, and in the control of, the defendant. The defendant maintains that the original company records constituted the best evidence of the underlying data upon which the audit was premised, and that the plaintiff could have obtained the records by a subpoena duces tecum or a motion to produce. At the trial, however, the defendant did not advance this argument but framed his complaint of a lack of foundation as referring to an absence of verification that the proffered figures were "accurate and complete." Thereafter, the defendant extensively cross-examined the plaintiff's witness about the reliability of the figures. In these circumstances, we conclude that the defendant did not properly assert or preserve a claim that the contested documents should have been excluded as secondary evidence. *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.,* 190 Conn. 371, 387–88, 461 A.2d 422 (1983). The related claim that testimony about the insurance policy violated the best evidence rule fails for noncompliance with Practice Book § 3060F (c) (3) and because, like the other contested rulings upon which the defendant relies, it did not deprive the defendant of a fair trial.

There is no error.