[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter the plaintiff, Bailey, has filed an application to vacate an arbitration award and the defendant Nationwide has applied to have the award confirmed. The controversy for these purposes is centered on a single issue and involves 33-175(c); General Statutes (now, sec. 382-336). The arbitrators rendered a majority decision in favor of Nationwide.
Bailey was involved in an automobile accident and suffered personal injuries. The tortfeasor's insurance carrier paid her its full policy of $20,000. Bailey then made an underinsured motorist claim in accordance with the terms of her own insurance policy with Nationwide. Nationwide resists on the ground that Bailey's policy had underinsured motorist coverage applicable to this case of $20,000. per person and $40,000. per occurrence CT Page 11049 Since the tortfeasor had a $20,000. liability policy which was paid to Bailey, under the law the tortfeasor's vehicle was not an "underinsured motor vehicle" within the meaning of Sec. 382-336(d), citing, Convenant Insurance Company v. Coon,220 Conn. 30 (1991). The majority of the arbitrators agreed with Nationwide.
The key issue in this matter involves Sec. 382-336(a)(2). That section provides in part that automobile liability policies after July 1, 1984 "shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law, unless the insured requests in writing a lesser amount. . . ." The provision was enacted in 1983.
Nationwide claims that Bailey requested in writing a lesser amount of uninsured motorist coverage than her policy's limits of liability coverage. Nationwide claims that, as a result, the tortfeasor's vehicle was not an "underinsured motor vehicle" within the meaning of Sec. 382-336(d).
Thus, the document, Exhibit D, which Nationwide claims to be a validly executed Uninsured Motorist coverage request for lower limits, is crucial to the matter.
The arbitration of this matter was compulsory since the issue was one of coverage. Wilson v. Security Ins. Group,199 Conn. 618, 622-24. And in American Universal Insurance Co. v. Del Grecco, 205 Conn. 178, 191 the Supreme Court established the rule that the parties were entitled to a de novo review of the arbitrator's application of law to the questions involved in the matter. In Bodner v. United Services Automobile Association,222 Conn. 486-488 the Supreme Court further indicated that is compulsory arbitration matters of coverage, only coverage issued were subject to such review. However, Bailey claims that the admissibility of the document, Exhibit D, setting forth the uninsured Motorist Coverage Request for Lower Limits clearly relates to coverage as it is the foundation document upon which Nationwide claims that Bailey elected lower Uninsured Motorist Coverage. Bailey claims therefore that the admission of that document by the arbitrators over her objection is subject to review. This court agrees with this claim. It does so with the knowledge that the document now questioned by Bailey was offered in evidence by her and received by the arbitrators without objection by Nationwide. Tr. 18, 19, Exhibit D. However, our CT Page 11050 courts have "long endorsed arbitration as `an alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation.: New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415 and cases cited.
Bailey now claims that Exhibit D was improperly admitted by the arbitrators because it was a microfilm copy of the original and was not an accurate reproduction of the original and failed to qualify as a business, record under 52-108. On direct examination prior to offering the document Bailey testified that she had no recollection of receiving Exhibit D but that it was her signature on the document. Tr. 14-16. At the time Exhibit D was offered by Bailey, Tr. 18, 19, no objections were made nor were any conditions attached to the offer.[1] In any event the court is satisfied that the document known as "uninsured Motorist Coverage Request for Lower Limits" and marked Exhibit D was properly received in evidence by the arbitrators as an admission. Dreier v. Upjohn Co., 196 Conn. 242, 248-249; Toffolon v. Avon,173 Conn. 525, 536; Fico v. Liquor Control Commission, 168 Conn. 74,77; Santossio v. D'Addario, 143 Conn. 563.
The second claim of Bailey is that she did not make a conscious decision to select a lower amount of underinsured motorist coverage when she executed Exhibit D and therefore her coverage under Sec. 38-336(a)(2), is equal to her liability limits of $100,000. Her reliance for support on Travelers Indemnity Co. v. Malec, 215 Conn. 399 is misplaced. A request executed before the statute was amended, which was the Malec fact situation, is not to be equated with the fact situation facing the arbitrators in the instant matter. This court has no doubt either, that "the General Assembly contemplated that an insured should make a purposeful and knowing decision to request a lesser amount of UM Coverage". Malec, p. 403. That is what the arbitrators had to determine, in the instant case, as they looked at, listened to and evaluated the narration of Bailey as she related it to them, from the time she applied for her first automobile insurance with Nationwide in 1982 in her own home from a man named Yerkes. Exhibit 1, Tr. 33.
In Harlach v. Metropolitan Property and Liability Ins. Co.221 Conn. 185, the court considered a case dealing with the same statute as is involved in the instant matter. The rules laid down by the court in Harlach are clear. There is no claim in this matter of mutual mistake, fraud or inequitable conduct on CT Page 11051 the part of either party. That being the case "The conclusion that a party has waived a right is one of fact for the trier and not one which can be drawn by this court, unless on the subordinate facts found, such a conclusion is required as by matter of law" Harlach, p. 193. This court has been unable to find any subordinate facts which required it to reverse the award of the arbitrators as a matter of law.
The application to vacate the arbitration award is denied.
The application to confirm the arbitration award is granted.
Harold M. Mulvey State Trial Referee