******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STEPHANIE REYES *v.* MEDINA LOVERAS, LLC
(AC 38682)

Lavine, Keller and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant, M Co., for alleged negligence when she was in the men's bathroom on M Co.'s premises and the bathroom sink collapsed, causing her to fall and land upon the shattered pieces of the sink and sustain injuries to her buttock. At trial, it was contested whether at the time the sink collapsed, the plaintiff was standing at the sink taking a picture of herself or attempting to urinate in the sink. Following a trial, the jury returned a verdict finding the plaintiff 90 percent liable and the defendant 10 percent liable, and the trial court rendered judgment for the defendant, from which the plaintiff appealed to this court. The plaintiff claimed that the trial court improperly admitted into evidence a photograph of the plaintiff's uninjured buttock because it was irrelevant, and a certain portion of her hospital emergency room records stating that she was trying to urinate into the sink because it was inadmissible hearsay. *Held*:

1. The trial court did not abuse its discretion in admitting into evidence the photograph of the plaintiff's uninjured buttock; photographs of the plaintiff's injury and subsequent scarring were also admitted into evidence, and the photograph of the uninjured buttock therefore was relevant to helping the jury compare the two buttocks.

2. The trial court properly admitted into evidence the portion of the plaintiff's hospital records stating that she was trying to urinate into the sink as a statement by a party opponent, an exception to the rule barring hearsay, because there was credited testimony by the hospital physician who prepared the challenged report attributing the statement to the plaintiff, and the plaintiff admitted to having told hospital staff how the accident occurred; alternatively, the statement was also admissible under the hospital records exception to the hearsay rule, because it was part of the plaintiff's medical history in the emergency room report used to check for any injuries that may initially have been missed by the treating physician due to the nature of the accident, and thus the statement was pertinent to the plaintiff's diagnosis and treatment.

Argued April 10—officially released July 18, 2017

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Lee, J.)

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Lee, J.*, denied in part the plaintiff's request for leave to amend the complaint; thereafter, the matter was tried to the jury; verdict and judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

*Maxwell W. Barrand*, for the appellant (plaintiff).

*Cynthia A. Watts*, for the appellee (defendant).

*Opinion*

PELLEGRINO, J. The plaintiff, Stephanie Reyes, appeals from the judgment, rendered after a jury trial, in favor of the defendant, Medina Loveras, LLC. The plaintiff claimed that she sustained serious physical injuries when a bathroom sink on the defendant's premises collapsed beneath her. The plaintiff claims on appeal that the trial court improperly admitted into evidence (1) a photograph of the plaintiff's uninjured buttock, and (2) certain portions of her hospital records. We affirm the judgment of the trial court.

The facts giving rise to the plaintiff's claim are contested. It is uncontested that on the night of January 7, 2013, the plaintiff was in the men's bathroom on the premises of the defendant[1] when the bathroom sink collapsed, causing the plaintiff to injure her buttock. Whether the plaintiff was standing at the sink, or whether the plaintiff was urinating in the sink at the time that the sink collapsed, however, was a disputed issue at the trial. The plaintiff testified at trial that while she was using the men's bathroom, she steadied herself on the bathroom sink in order to take a picture of herself. Thereafter, the sink came off the wall, breaking on the floor and causing the plaintiff to fall upon the shattered shards, injuring her right buttock.[2] An employee of Discovery Café testified at trial that he was near the men's bathroom, heard a loud noise from within, pushed the door open, and found the plaintiff with her pants down to her knees on top of the broken sink. In contradiction to the plaintiff's testimony, a report by a Stamford Hospital employee stated that the plaintiff was trying to urinate in the sink before it collapsed, causing her to fall. It is undisputed that the plaintiff received treatment for her injuries at Stamford Hospital.

On January 28, 2014, the plaintiff commenced the present action against the defendant. In her amended complaint filed on February 6, 2015, she alleged that the defendant was negligent in failing to properly inspect, secure, and maintain its premises in a reasonably safe condition and that she suffered serious harm as a result of this negligence. Following a trial, the jury returned a verdict finding that the plaintiff was 90 percent liable for her injuries and the defendant was 10 percent liable. The court accepted the verdict and rendered judgment on behalf of the defendant. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth our standard of review for both of the evidentiary claims the plaintiff has raised on appeal. "The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest

abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did. . . . To the extent [that] a trial court's admission of evidence is based on an interpretation of the [Connecticut] Code of Evidence, our standard of review is plenary. For example, whether a challenged statement properly may be classified as hearsay and whether a hearsay exception properly is identified are legal questions demanding plenary review. . . . We review the trial court's decision to admit [or exclude] evidence, if premised on a correct view of the law, however, for an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Milford Bank* v. *Phoenix Contracting Group, Inc.*, 143 Conn. App. 519, 532–33, 72 A.3d 55 (2013).

I

The plaintiff first claims that the court abused its discretion in admitting a photograph of her uninjured left buttock into evidence at trial.[3] She argues that the photograph was irrelevant to the facts of the case and that it unduly prejudiced the jury by creating "the illusion that the plaintiff's injury completely healed, when she in fact retains a large scar." We disagree.

At trial, the defendant moved to have the photograph of the plaintiff's uninjured buttock admitted as a full exhibit. The court asked the plaintiff: "[D]o you have any problem with the picture itself," to which the plaintiff replied, "[n]o, Your Honor." Once the photograph was admitted into evidence, but before it was marked as a full exhibit, however, the plaintiff's attorney changed his mind and objected to the photograph on the ground that it was not relevant. The court overruled the objection, and the photograph was admitted as a full exhibit.

"Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree . . . ." (Internal quotation marks omitted.) *Drake* v. *Bingham*, 131 Conn. App. 701, 708, 27 A.3d 76, cert. denied, 303 Conn. 910, 32 A.3d 963 (2011).

On the basis of our review of the record, we conclude that the court did not abuse its discretion in admitting the photograph of the plaintiff's uninjured buttock into evidence. Photographs of the plaintiff's injury and subsequent scarring were also admitted into evidence, and, thus, the photograph of the plaintiff's uninjured buttock was relevant to helping the jury compare the plaintiff's

injured and uninjured buttocks. The plaintiff only objected to the photograph after she specifically told the court that she did not have a problem with the photograph, and after the photograph had been admitted into evidence. Accordingly, the plaintiff's first claim fails.

## II

The plaintiff's next claim is that the court abused its discretion when it allowed the tertiary trauma report[4] containing the statement "21 y/o female who was drunk and trying to urinate into a sink, which broke and she fell" into evidence as an exception to the rule against hearsay. The tertiary trauma report was prepared by Kristina Ziegler, a physician at Stamford Hospital, following a surgical procedure in which the plaintiff's wound was stapled shut. Ziegler testified at trial regarding her preparation of the report. The plaintiff argues that the statement could not fall within the admission of a party opponent exception to the hearsay rule[5] because the physician who wrote the report did not place the sentence in quotation marks and could not specifically recall speaking with the plaintiff. In addition, the plaintiff asserts that the statement could not fall within the hospital records exception[6] to the hearsay rule because the statement had no bearing on the diagnosis or treatment of the patient. We disagree with both of the plaintiff's assertions.

On November 18, 2015, the plaintiff filed a motion in limine to preclude all entries concerning liability in the plaintiff's hospital records and any testimony based on those entries. In her request, the plaintiff stated that the tertiary trauma report should be precluded, insofar as it pertains to liability, as inadmissible hearsay because it was not relevant to the plaintiff's diagnosis or treatment and because the report directly contradicted the plaintiff's own deposition testimony and other hospital records. The defendant objected to the plaintiff's motion, arguing that the tertiary trauma report should be admissible either as a hospital record or as an admission of a party opponent. The court sustained the defendant's objection and admitted the tertiary trauma report into evidence as a statement of a party opponent, noting: "[A]lmost all admissions that come in as an exception to the hearsay rule are paraphrases . . . . The declarant may well have said it differently or in slightly different words, but the import of what the declarant said is what comes in. And because the declarant is an adverse party and is in court, she is in a position to refute it and that's why it's fair."

"Whether evidence offered at trial is admissible pursuant to one of the exceptions to the hearsay rule presents a question of law. Accordingly, our review of the [plaintiff's] claim is plenary." *State* v. *Gonzalez*, 75 Conn. App. 364, 375, 815 A.2d 1261 (2003), rev'd, 272

Conn. 515, 864 A.2d 847 (2005). It is an "elementary rule of evidence that an admission of a party may be entered into evidence as an exception to the hearsay rule." *Fico* v. *Liquor Control Commission*, 168 Conn. 74, 77, 358 A.2d 353 (1975). "There is no requirement that the statement be against the interest of the party when made or that the party have firsthand knowledge of its content. Basically, the only objection to an admission of a party/opponent is that it is irrelevant or immaterial to the issues, or its admission violates a party's constitutional rights." C. Tait and E. Prescott, Connecticut Evidence (5th Ed. 2014) § 8.16.4 (a), p. 533.

On appeal, the plaintiff argues that the statement in the tertiary trauma report was improperly admitted as a statement by a party opponent. Specifically, she points to Ziegler's deposition testimony, which the plaintiff believes establishes that Ziegler did not have a clear enough recollection of the statement to establish that it was indeed given by the plaintiff. The deposition transcript, however, was not admitted into evidence at trial because Ziegler appeared in person and provided live testimony. Accordingly, the deposition transcript is not a part of the record on appeal and we refuse to consider any testimony from the deposition.

Turning to the evidence that was admitted at trial, Ziegler testified regarding her recollection of the plaintiff and the preparation of the tertiary trauma statement. The defendant asked Ziegler specifically if "it would have been [the plaintiff] that the information came from," to which Ziegler responded "correct." The defendant then asked Ziegler if the information could have "come from anywhere else?" Ziegler replied that she probably spoke with the physicians who performed the surgery, and that although she did not recall specifically, "this documentation would have come from the patient's own statement." In addition, the plaintiff testified that she "did tell somebody" at the hospital regarding how the accident happened. When the defendant asked the plaintiff to reiterate whether her answer "was, yes, I told them exactly how it happened," the plaintiff responded, "yeah, when—right."

On the basis of our review of this record, we conclude that the court properly admitted the statement from the tertiary trauma report as a statement by a party opponent. Ziegler specifically testified that the statement would have come from the plaintiff, and the plaintiff admitted to having told hospital staff how the accident occurred. Because there is testimony attributing the statement to the plaintiff, it was correctly classified by the court as a statement by a party opponent and was properly admitted into evidence.

Alternatively, the statement was also admissible under the hospital records exception to the hearsay rule. The admissibility of hospital records is governed by General Statutes § 52-180, which provides in relevant

part: "(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter." Additionally, under General Statutes § 4-104, hospital records are admissible without any preliminary testimony as to authenticity.

"It should initially be pointed out that a hospital record as a whole is not necessarily admissible for all purposes or as proof of all facts found therein. . . . The real business of a hospital is the care and treatment of sick and injured persons. It is not to collect and preserve information for use in litigation. Accordingly, even though it might be the custom of a hospital to include in its records information relating to questions of liability for injuries which had been sustained by its patients, such entries . . . would not be made admissible by the statute unless they also contained information having a bearing on diagnosis or treatment." (Citation omitted; internal quotation marks omitted.) *Marko* v. *Stop & Shop, Inc.*, 169 Conn. 550, 561–62, 364 A.2d 217 (1975).

In the present case, the medical history at issue in the tertiary trauma report, namely, the portion stating "21 y/o female who was drunk and trying to urinate into a sink, which broke and she fell," was admissible under the hospital records exception to the hearsay rule so long as it had a bearing on the diagnosis or treatment of the plaintiff. Ziegler testified at trial that the purpose of preparing a tertiary trauma report is to "check on [the patient] again to make sure [they] haven't missed any small injuries like a broken finger or anything like that and basically do a top to bottom exam again. It's a way to prevent missed injuries." Given the nature of the accident, it was important for the treating physician to know what had happened to the plaintiff in order to check for "small injuries . . . ." For example, if the plaintiff had been sitting on the sink when it broke, she could have suffered injuries consistent with that specific type of fall. Alternatively, if the plaintiff had been standing at the sink when it fell, she may have suffered a different set of injuries. Moreover, drunkenness is often medically germane to treatment and is therefore admissible evidence. See *D'Amato* v. *Johnston*, 140 Conn. 54, 61–62, 97 A.2d 893 (1953). Accordingly, we conclude that the entire statement in the tertiary trauma report was pertinent to the plaintiff's diagnosis and treatment and that the court did not abuse its discretion by admitting it into evidence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant owns and operates a restaurant in Stamford known as the Discovery Café (premises).

[2] We note that the record is less than clear as to which side of her buttocks the plaintiff injured. The plaintiff testified at trial that she injured her right buttock, yet claims in her brief that she injured her left buttock. For clarity and consistency purposes, we will refer to the plaintiff's right buttock as the injured buttock, and the plaintiff's left buttock as the uninjured buttock.

[3] The plaintiff testified at trial that the photograph was taken during the summer of 2014, after her accident occurred. She further testified that it depicted her left buttock and did not document her injuries.

[4] A tertiary trauma report is a document prepared after a patient's emergency room visit to alert medical staff to any possible related or consequential injuries that were not reported by the patient.

[5] See Conn. Code Evid. § 8-3 (1) (A).

[6] See General Statutes § 52-180.

———————————————